# REPORTS OF CASES

### DETERMINED IN

# THE SUPREME COURT,

## NOVEMBER SESSION, 1881.

[No. 7,739.—Department One.]

## CLARA L. BROWN *v.* P. D. BURBANK ET AL.

DEFECTIVE FINDINGS—VARIANCE—FRAUD.—A new trial granted on account of the failure of the Court to find upon all the issues.

APPEAL from an order granting the defendant a new trial, in the Superior Court of the County of Sacramento. CLARK, J.

The complaint—after in substance alleging that the father of deceased died seised of the land · in controversy, leaving the plaintiff his sole surviving heir; that the defendant, P. D. Burbank, father of the deceased, was duly appointed administrator of his estate; and that he and his wife (also defendant), though not appointed the plaintiff's guardians by the Court, in effect acted as her guardians during her minority—alleged as follows:

"Plaintiff avers that on the seventeenth day of May, 1877, and while defendant P. D. Burbank was the administrator of said estate as aforesaid, these defendants falsely and fraudulently represented to her, that the hereinbefore

described premises were liable for the debts of the defendant P. D. Burbank, and that said premises were in danger of being seized by the creditors of said defendant, and sold under execution; and plaintiff (and defendants, who were then living therein) ousted therefrom, and plaintiff divested of all ownership thereto, and that in order to preserve, keep, and enjoy said premises, to the use and occupation of plaintiff, it was necessary for plaintiff to convey the same to the defendant Irene H. Burbank, and have said defendant file a homestead thereon, and thus prevent the supposed creditors from taking the same. Plaintiff avers that, in the furtherance of said fraud practiced upon her, the defendants procured a deed to be prepared, and presented the same to her for her signature; and plaintiff relying upon said representations as aforesaid, and the relations existing between them, and believing that it was necessary for her to execute the same, she signed said conveyance, and thereby conveyed said premises to defendant Irene, and the legal title thereto became and now is vested in the defendant Irene, in trust for plaintiff. Plaintiff avers that said conveyance was signed in the name of Clara L. Burbank, her maiden name. Plaintiff avers that said deed was made, executed, and delivered, without consideration of any kind; that said representations were false and fraudulent, and defendants well knew them so to be, and that they were made with the intent and for the purpose of cheating and defrauding plaintiff out of said premises."

The answer of the defendants, besides denying the material allegations of the complaint as to the circumstances under which the deed was executed, proceeds as follows :

"And for a further answer to said complaint, the defendants aver that the said George W. Burbank, prior to his death, held the legal title to said premises, in trust for these defendants. That these defendants furnished the money with which said real estate was purchased. That the said plaintiff was, prior to the execution of said deed, informed of such facts, and for the purpose of providing the said Irene H. Burbank with a home, and providing for her better maintenance and support, voluntarily executed the said deed to said Irene H. Burbank. That no false or fraudulent representations of any kind were

made to the said plaintiff, and no undue influence was used to induce her to make, sign, or execute said deed."

The Court found upon the material issue in the case as follows:

" The defendant, Irene Burbank, who is the wife of defendant, P. D. Burbank, and grandmother of plaintiff, as aforesaid, in May, 1877, being apprehensive that plaintiff might make, what seemed to her grandparents, an unsuitable matrimonial engagement, whereby said property might fall under the control of an unsuitable husband of plaintiff, consulted with her husband with the view of devising some means whereby they, the grandparents, might retain possession of the property. Accordingly P. D. Burbank procured the preparation of a deed from plaintiff to said Irene, conveying said property unconditionally, which deed was presented to plaintiff by said Irene, and its execution and acknowledgment procured upon the representation made to her by said Irene that the property in fact belonged to the defendants ; that, although it stood in the name of plaintiff's father, it was purchased with money which her grandfather had given to her father. At the time those representations were made, plaintiff was an inexperienced girl, between nineteen and twenty years of age, accustomed to kind treatment by her grandparents, having no other relatives, being obedient to them from habit and inclination, and having no knowledge or understanding of her rights to said property. As a further inducement, said Irene promised plaintiff that she would make her will by which the property would be devised to plaintiff. Under these circumstances, which produced a false impression upon the mind of plaintiff, and without any good consideration, plaintiff executed and acknowledged the deed mentioned in the complaint. Irene Burbank knew of the relationship which P. D. Burbank bore to plaintiff, as the administrator of the estate of George W. Burbank, deceased."

Judgment was entered for the plaintiff; but afterwards a new trial was granted. The statement specified certain particulars, in which it was alleged the evidence was insufficient to justify the finding, and also certain alleged errors of law upon which they would rely; among the latter of which is

the following: "The Court erred in not finding upon all the issues raised by the pleading in said cause."

*J. W. Armstrong*, for Appellant.

If the Court failed to find on all the issues presented by the pleadings it is not an error of law occurring at the trial and excepted to by the moving party, but it would be a decision against law, within the meaning of section 657 of the Code of Civil Procedure; but there is no attempt to make any specification wherein the decision of the Court was against law. (C. C. P., § 659; *Eddelbuttel* v. *Durrell*, 55 Cal. 287; *Preston* v. *Hearst*, 54 id. 595; *Hinkle* v. *San Francisco and N. P. R. R. Co.*, 56 id. 627.)

*L. S. Taylor*, for Respondents.

The Court erred in not finding upon all the issues raised by the pleadings. (*Knight* v. *Roche*, 56 Cal. 15; *Moulton* v. *Holmes*, 57 id. 344.)

The COURT:

The Court below failed to find upon the issues presented by the pleadings, and therefore properly granted a new trial. Order affirmed.