# MILLARD v. SUPREME COUNCIL AMERICAN LEGION OF HONOR.*

## No. 11,716; May 30, 1889.

### 21 Pac. 825.

**New Trial—Insufficient Findings of Jury.**—A new trial must be granted where the findings of the jury do not determine all the material issues made by the pleadings.

**New Trial—Motion, What Should Set Forth.**—Under Code of Civil Procedure of California, section 659, relating to motions for new trial and their contents, it is not necessary, in a motion for new trial for failure to pass on all such issues, to set out in the statement such failure as a ground for the motion.

---

*For subsequent opinion in bank, see 81 Cal. 340, 22 Pac. 864.

APPEAL from Superior Court, City and County of San Francisco; John Hunt, Judge.

R. B. Mitchell for appellant; Manuel Eyre for appellee.

BELCHER, C. C.—This is an appeal from an order granting the defendant a new trial. The action was brought to recover the amount of a benefit certificate issued by defendant, and judgment was rendered in favor of plaintiff for the amount sued for. It does not appear from the record upon what ground the new trial was granted, but counsel for respondent prints in his brief what purports to be the opinion of the learned judge who made ·the order, and from that it appears that the motion was granted upon the ground that there were no findings upon some of the material issues raised by the pleadings. Assuming that the motion was granted upon the ground stated, the question is, Was the ruling erroneous? It is argued for appellant that the findings did cover all the material issues, and that, at any rate, a new trial should not have been granted, because it does not appear that the failure to make full findings, if there were such failure, was prejudicial to the losing party, and because there was no specification of the failure in the statement as a ground for the motion. It has been held by this court that a judgment based upon findings which do not determine all the issues raised by the pleadings is a decision against law, for which a new trial may be had: Knight v. Roche, 56 Cal. 15; Brown v. Burbank, 59 Cal. 535. And in such case the statute does not require the moving party to specify in his statement the failure as a ground for his motion: Code Civ. Proc., sec. 659. After carefully reading the record, we think it clear that the findings did not cover all the material issues raised in the case, and we cannot say, as claimed by appellant, that the judgment would have been the same if the omitted findings had been made in favor of defendant, and that defendant was therefore in no way prejudiced by the failure. The rule is that every error is presumed to work injury to the losing party, unless the contrary clearly appears, and the burden is upon the winning side to show that no injury could have resulted. The cases cited by appellant do

not meet the case in hand. The above disposes of the appeal. Counsel have discussed the whole case in their briefs, but we are not called upon to follow them and thus determine what the judgment should be in advance of the new trial. We advise that the order appealed from be affirmed.

We concur: Foote, C.; Hayne, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed.