[S. F. No. 3428.   Department Two.—February 6, 1904.]

# WILLIAM H. COBB, Appellant, v. R. V. DOGGETT, Respondent.

ACTION UPON JUDGMENT—DEFENSE—COMPROMISE WITH ASSIGNEES—RECEIPT OF LOCAL ATTORNEY—SATISFACTION OF JUDGMENT IN NAME OF PLAINTIFF.—In an action by a judgment creditor to recover the unpaid balance of a judgment, in which the defendant pleaded as a defense, and the court found upon sufficient evidence, that the plaintiff had assigned the judgment to a partnership firm who had been his attorneys, and that a part of the judgment was paid to them in pursuance of an agreement of compromise with the assignees named, and in full settlement and satisfaction of the judgment, an objection that the settlement was not made directly with them, but with their local attorney, who was authorized to act for them, and whose acts were ratified by them, and who gave a receipt in full and a satisfaction of the judgment, as attorney for the plaintiff in the suit, is untenable.   The use of the name of the nominal plaintiff in the suit was not improper.

ID.—ASSIGNMENT OF JUDGMENT—COLLATERAL AGREEMENT AS TO COLLECTION—ABSENCE OF POWER OF COMPROMISE—IMPROPER EXCLUSION OF EVIDENCE.—Where, besides the absolute assignment of the judgment, a contemporaneous written agreement was made between the assignor and assignees showing that the assignment was for collection, for a compensation of one half of the judgment, the assignor reserving the privilege of negotiating a compromise, the two instruments formed one contract between the parties; and though the effect of the assignment was to transfer the legal title and authorize the assignees to sue in their own name, yet under the contract they had no power to compromise the judgment to the extent of the interest reserved by the assignor.   The court erred in excluding evidence of the collateral agreement, and should have admitted it and found accordingly, or directed an amendment.

ID.—FILING OF ASSIGNMENT WITHOUT COLLATERAL AGREEMENT—ABSENCE OF NOTICE—DEFENSE NOT PLEADED—LEAVE TO AMEND UPON REVERSAL.—Where it appears that only the assignment itself, which was absolute in form, was filed among the papers in the case, and the collateral agreement was not filed, and there is no evidence tending to show that the defendant had notice of it, if the defense had been pleaded and sustained that the defendant dealt with the assignees, relying on the assignees alone, and without any notice of the collateral agreement, the exclusion of it would have become immaterial; but in the absence of such plea the judgment must be reversed for error in the ruling, with leave to the defendant to amend his answer, if so advised.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion.

George W. Schell, and F. E. Cook, for Appellant.

J. C. C. Russell, for Respondent.

SMITH, C.—This is a suit to recover the balance alleged to be due on a judgment against defendant in favor of Max Gutter, of date October 15, 1894, for the sum of $1,041.90. Judgment was entered for the defendant, from which and from an order denying his motion for a new trial the plaintiff appeals.

The plaintiff is the assignee of Gutter, under an assignment of date October 20, 1894. It is not disputed that there was paid on the judgment by defendant, about February 5, 1895, or shortly afterwards, the sum of five hundred and eighty dollars, and that this was all that has been paid. But it is claimed by defendant, and found by the court, that prior to the payment, Gutter, by instrument in writing of date October 20, 1894, had assigned the judgment to Scrivner, Schell & Morgan, who had been his attorneys; and that the said amount so paid on judgment was paid in pursuance of an agreement of compromise with the assignees named and in full settlement and satisfaction thereof.

The latter finding is fully supported by the evidence. It is indeed objected that the settlement was not made directly with Scrivner, Schell & Morgan, but with one Holland, their local attorney; but the objection, we think, is untenable. Holland was authorized to act for them, and his acts were ratified by them in receiving the money paid, and the note and mortgage given to him in satisfaction of the judgment, which were afterwards satisfied by the defendant. Nor is it in any way material that Holland signed the receipt and the satisfaction of the judgment as "attorney for Max Gutter." He was authorized by Scrivner, Schell & Morgan to act for them; and the use of the name of the nominal plaintiff in the suit was not improper. (Code Civ. Proc., sec. 385.)

With regard to the assignment to Scrivner, Schell & Morgan,

the finding is also supported by the evidence actually introduced, which was an instrument in writing, of the date named in the finding, in terms assigning the judgment to them. But it appears that, accompanying the assignment, there was a contemporaneous agreement in writing materially modifying its effect, which was offered in evidence by the plaintiff, but on the objection of the defendant excluded; and it is urged by the appellant that this ruling was erroneous.

The assignment in question is in ordinary form, except that in a clause following the assignment the assignees are constituted the attorneys in fact of the assignor to collect the money due on the judgment, ''and on payment, to acknowledge satisfaction or discharge of the same.'' The accompanying agreement—which is signed by both parties—is as follows: ''Whereas said Max Gutter has assigned his said judgment as security for our fees and costs advanced, it is therefore mutually understood and agreed as follows, to wit: That said Max Gutter shall be entitled to have and receive one half of any and all money received, recovered, or rendered upon said judgment after first deducting the costs therefrom, and that said Max Gutter shall have the right and privilege of negotiating the sale, satisfaction, or compromise of said judgment, but any offer received by him before acceptance to be submitted to us for our approval.'' The former document was filed among the papers in the case December 2, 1894, The latter was not filed; nor was there any evidence introduced or offered tending to show that defendant had notice of it.

There can be no doubt, we think, that the latter document should have been admitted. The two writings make but one contract (Civ. Code, sec. 1642, and authorities cited in Pomeroy's edition), and it was clearly improper to exclude any part of it. The contract thus offered to be proved did indeed vary from the contract alleged; which was a simple assignment. But the variance was not of a character to mislead the defendant, and was therefore immaterial; nor indeed was objection made on that ground. (*Morehouse* v. *Morehouse,* 140 Cal. 88.) The court should therefore have admitted the evidence and found the fact accordingly, or directed an amendment. (Code Civ. Proc., secs. 469, 470.)

Nor do we think the error was immaterial. The effect of

the transaction, as a whole, was indeed to transfer the legal title, and thus to authorize the assignees to sue or to prosecute the pending suit in their own name. (Code Civ. Proc., sec. 369; *Gradwohl* v. *Harris,* 29 Cal. 154; *Toby* v. *Oregon Pac. R. R. Co.,* 98 Cal. 497; *Greig* v. *Riordan,* 99 Cal. 323; *Giselman* v. *Starr,* 106 Cal. 657; *Cortelyou* v. *Jones,* 132 Cal. 132; *Iowa etc. Land Co.* v. *Hoag,* 132 Cal. 630; Pomeroy's Code Remedies, sec. 132.) But to the extent of the interest reserved by the assignor they occupied the position of trustees of an express trust, and their powers were limited by the terms of the contract; by which they were authorized merely to collect the money due on the judgment, "and on payment to acknowledge satisfaction or discharge the same." They had no power, therefore, to compromise the judgment, or to receive less than the whole amount due in satisfaction of the same. It is indeed true that the assignment without the accompanying writing is absolute; and if it had appeared that the defendant dealt with the assignees without notice of the latter, and relying on the assignment alone, this might have been a good defense; and the error would thus have become immaterial. But such a defense is not pleaded; nor, though there is some evidence that might have justified the court in so finding, is there any finding upon the point. We cannot say therefore that the ruling complained of did not operate to the injury of the plaintiff. The defendant should be allowed, if advised, to amend his answer.

We advise that the judgment and order complained of be reversed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order complained of are reversed.

McFarland, J., Henshaw, J., Lorigan, J.

Hearing in Bank denied.