(June 9, 1909.)

## V. T. CRAIG, Appellant, v. PALO ALTO STOCK FARM et al., Respondents.

[102 Pac. 393.]

NEGOTIABLE INSTRUMENT—PROMISSORY NOTE—ASSIGNMENT OF—ALLEGATION OF ASSIGNMENT—HOLDER—PROPER PARTY.

1. In an action on a promissory note where the complaint alleges that the note sued on was assigned to plaintiff by a former owner, and fails to allege that plaintiff holds the same as owner or for collection only, and the defendants desire a more definite statement in regard to that question, they must demur on the ground of ambiguity or uncertainty, or they waive the same.

2. Where it appears from the evidence that the promissory note sued on belonged to the bank of which the plaintiff was cashier and to whom the bank had assigned the same for collection, it was error to grant a nonsuit on the ground that the plaintiff was not the real party in interest.

3. Under the provisions of sec. 3508, Rev. Codes, 1909, the holder of a negotiable instrument may sue thereon in his own name even though he only be a holder for collection.

4. Under the provisions of sec. 3648, Rev. Codes, 1909, the holder of a negotiable instrument is the payee or indorsee who is in possession of it, or the bearer thereof.

5. Under the provisions of sec. 3515, Rev. Codes, 1909, a negotiable instrument in the hands of any holder other than a holder "in due course" is subject to the same defenses as if it were non-negotiable.

(Syllabus by the court.)

APPEAL from the District Court of the Seventh Judicial District, for Canyon County.    Hon. Ed. L. Bryan, Judge.

Action to recover on a promissory note. Judgment by nonsuit for defendants. *Reversed.*

Harry S. Kessler, for Appellant.

Craig was the proper party plaintiff, because by the assignment he became the "holder" of the note, and was authorized to sue by statute, sec. 3508. (*Smith v. Bayer,* 46 Or. 143, 114 Am. St. 858, 79 Pac. 497; *Tyson v. Joyner,* 139 N. C. 69, 51 S. E. 803.)

He held the note as "trustee of an express trust" for the Bank of Emmett, and was therefore also authorized to sue thereon by express provision of statute, sec. 4092. (*Brumback v. Oldham,* 1 Ida. 709; *Cobb v. Doggett,* 142 Cal. 142, 75 Pac. 785; Pomeroy's Code Remedies, 4th ed., sec. 101, star sec. 172, and sections following.)

In addition to the appellant being "the holder of a negotiable instrument" and "the trustee of an express trust," he is also the "real party in interest" as required by sec. 4090 of the code. (30 Cyc. 92.)

Even prior to the code enactments, an exception to the common-law rule was made in its application to negotiable instruments, and the assignee was authorized to sue. (*Kunkel v. Spooner,* 9 Md. 462, 66 Am. Dec. 332; *Ellicott v. Martin,* 6 Md. 509, 61 Am. Dec. 327.)

The universal tendency of later decisions is to hold that the assignee, even where the assignment is merely for collection, is the proper party plaintiff. (2 Daniel on Negotiable Instruments, 5th ed., sec. 1191; *Brumback v. Oldham, supra;* Pomeroy's Code Rem., 4th ed., secs. 62, 70, 78, and secs. 28, 85; 30 Cyc. 78 (B); 15 Ency. Pl. & Pr. 715, 64 L. R. A. 581, see extended note; *American Soda F. Co. v. Hogue* (N. D.), 116 N. W. 339, 17 L. R. A., N. S., 1113, and note; *Toby v. Oregon Pac. R. Co.,* 98 Cal. 490, 33 Pac. 550; *Burns v. Sennett,* 99 Cal. 363, 33 Pac. 916; *Cortelyou v. Jones,* 132 Cal. 131, 64 Pac. 119; *Iowa & Cal. Land Co. v. Hoag,* 132 Cal. 627, 64 Pac. 1073; Bliss on Code Pleadings, 3d ed., secs. 50, 51; *Greene v. McAuley,* 70 Kan. 601, 68 L. R. A. 308, 79 Pac. 133.)

Cavanah & Blake, for Respondent Palo Alto Stock Farm.

E. J. Frawley, and G. G. Adams, for Respondents B. F. Price et al.

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by the code." (Sec. 4090; *Woodsum v. Cole,* 69 Cal. 142, 10 Pac. 333; *Gruber v. Baker,* 20 Nev. 453, 23 Pac. 858, 9 L. R. A. 302.)

The phrase "Real party in interest," as used in the code providing that an action must be prosecuted in the name of the real party in interest, means the person entitled to the avails of the suit, and a mere assignee, having no interest in the result of the suit, and who obtains an assignment on a promise to pay the assignor the amount he may derive from the action, is not the real party in interest, and cannot maintain the action. (*Hoagland v. Van Etten,* 22 Neb. 681, 35 N. W. 869.) The party entitled to the proceeds of the suit must be the plaintiff. (*Indiana Elec. R. Co. v. Adamson,* 114 Ind. 282, 15 N. E. 5; *Rock County Nat. Bank v. Hollister,* 21 Minn. 385; *Third Nat. Bank v. Clark,* 23 Minn. 268; *Sinker v. Floyd,* 104 Ind. 292, 4 N. E. 10.)

The appellant Craig was not a trustee of an express trust as provided by the law of this state. (15 Ency. of Pl. & Pr. 707; *Wiggins v. McDonald,* 18 Cal. 126; *Leach v. Hill,* 106 Iowa, 171, 76 N. W. 667; *Robbins v. Deverill,* 20 Wis. 150; *Weaver v. Trustees. etc. Canal,* 28 Ind. 112; *Abrams v. Cureton,* 74 N. C. 523; 8 Cyc. 79.)

SULLIVAN, C. J.—This is an action on a promissory note brought by the appellant. The note in question was executed by fifteen respondents in favor of and delivered to the respondent the Palo Alto Stock Farm, N. W. Thompson, manager. It is alleged in the complaint that the note was sold for value by the Palo Alto Stock Farm before maturity, to the Bank of Emmett, and subsequently assigned by that bank to the appellant, who is cashier of said bank. The answer denied many of the allegations of the complaint and set up fraud in the execution of the note. Upon the

trial of the case and at the close of plaintiff's testimony, respondents moved for a nonsuit on the ground that the appellant was not the real party in interest, and therefore could not maintain this action under the provisions of secs. 4090 and 4091, Rev. Codes, 1909. Said motion was sustained and a judgment of nonsuit entered. From that judgment this appeal was taken.

The following facts appear from the evidence introduced on the trial by the appellant: That said promissory note was purchased in May, 1907, by the Bank of Emmett, the appellant as cashier of said bank negotiating the purchase; that the consideration for the note was paid by the Bank of Emmett; that sometime after the purchase by the bank the makers of the note refused to pay the same and the note was assigned by the bank to the appellant merely for the purposes of collection. It appears from the evidence that the appellant held said note for collection only, that he was not interested in it as the owner.

At the close of plaintiff's testimony, counsel for the appellant asked leave to amend the complaint by interlineation, adding to the fourth paragraph the words, "for the purpose of collection," to which motion counsel for respondents objected. The objection was sustained by the court and the motion denied. The plaintiff thereupon rested his case. Counsel for the respondents thereupon moved for a nonsuit on the ground that the evidence introduced by the plaintiff in support of his cause of action showed that this suit was not brought in the name of the real party in interest as provided by said sections 4090 and 4091 of the Rev. Codes. Said motion was sustained and judgment of nonsuit entered. The order sustaining said motion for nonsuit and the entry of judgment are assigned as error.

Some question is raised as to the action of the court in denying the motion to amend said complaint so as to make it show that the plaintiff holds the promissory note sued on for collection only. The court, under the evidence, ought to have allowed that amendment, but the complaint was amply sufficient to sustain the action without the amend-

ment.  The complaint alleges that the bank, which was the owner, assigned the note to the plaintiff.  If the respondents had desired a more specific allegation as to the ownership of said note, they ought to have demurred on the ground of ambiguity or uncertainty; but as they failed to do so, they waived that ground of demurrer.

The court sustained the motion for nonsuit on the ground that the action was not brought in the name of the real party in interest.  The court erred in granting the nonsuit, as the evidence shows that the plaintiff was the *bona fide* holder of said note under an assignment thereof and that he held the same for collection.

Sec. 3508, Rev. Codes, 1909 (which section is found in the negotiable instrument law of this state), is as follows: "The holder of a negotiable instrument may sue thereon in his own name and payment to him in due course discharges the instrument."  The holder of a negotiable instrument may hold it for the purpose of collection only or he may own it, and in either case, under the provisions of said section, he may sue thereon in his own name and "payment to him in due course discharges the instrument," and relieves the makers of it.  That section of our negotiable instrument law was adopted long after the adoption of secs. 4090 and 4091, and must be construed in connection with the later expression of legislative will.

Sec. 3648, Rev. Codes, defines the term "holder" as follows: " 'Holder' means the payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof."  The transfer of the note from the Bank of Emmett to the appellant made him the holder thereof.  He was in the possession of it and the "bearer thereof."  The language used in that definition would authorize any party to bring an action on a promissory note who held it under proper authority and for the real owner thereof.

Many of the states have adopted what is known as the "Uniform Negotiable Instrument Law;" which law contains the two sections above referred to.  Oregon has adopted

that law, and in *Smith v. Bayer,* 46 Or. 143, 114 Am. St. 858, 79 Pac. 497, the court said:

"There is, in absence of a statute, some conflict in the decisions as to whether such an indorsee can sue in his own name. The weight of authority seems to be in favor of his right to do so. . . . . We are therefore of the opinion that the present action was rightfully brought in the name of the plaintiff." (See *Brumback v. Oldham,* 1 Ida. 709; *Carpenter v. Johnson,* 1 Nev. 331; *Cobb v. Doggett,* 142 Cal. 142, 75 Pac. 785; 2 Daniels on Negotiable Instruments, 5th ed., secs. 1191, 1192; 30 Cyc. 78; 15 Ency. Pl. & Pr. 715; note to *Stewart v. Price,* 64 L. R. A. 581.)

The complaint alleges that the appellant held said promissory note by assignment and not by indorsement. He claims only to be an assignee and not an innocent purchaser. He stands in that respect in the shoes of his assignor, and any defense that the defendants could make against said promissory note in the hands of the Bank of Emmett may be made against the plaintiff. (See *Warren v. Stoddart,* 6 Ida. 692, 59 Pac. 540.)

Sec. 3515, Rev. Codes, 1909, provides that a negotiable instrument in the hands of any holder other than a holder "in due course" is subject to the same defense as if it were non-negotiable. So in this case, under the pleadings the defendants may set up any defense to said note that they could legally set up against the Bank of Emmett had the suit been brought by it.

The judgment must therefore be reversed and the cause remanded, with instructions to the district court to set aside said judgment and overrule said motion for a nonsuit. Costs of this appeal are awarded to the appellant.

Stewart and Ailshie, JJ., concur.