ANTELOPE COUNTY BANK, APPELLEE, V. CHARLES WRIGHT, APPELLANT.

FILED JANUARY 3, 1912.   No. 16,588.

Notes: ACTION: PARTIES. The holder of a promissory note for collection may maintain an action thereon in his own name, if the note is duly indorsed in blank by the payee named therein.

APPEAL from the district court for Antelope county: ANSON A. WELCH, JUDGE. *Affirmed.*

*J. B. Smith,* for appellant.

*J. F. Boyd, contra.*

SEDGWICK, J.

The plaintiff recovered a judgment against the defendant in the district court for Antelope county upon a promissory note. The trial court, after the evidence was concluded, instructed the jury to return a verdict for the plaintiff, which was done and judgment entered thereon. The defendant has appealed.

The only error assigned in the brief is that the evidence as to the plaintiff's ownership of the note is conflicting, and that the question should have been submitted to the jury as to whether the plaintiff is the real party in interest. The note is dated April 24, 1896, and is in the ordinary form; was in the possession of the plaintiff and presented at the trial and received in evidence on behalf

of the plaintiff. One W. W. Hobbs is named as payee in the note, and his indorsement appears on the back of the note. The president and cashier of the plaintiff bank both testified that this was the genuine indorsement of the payee, Hobbs, and that the note was the property of the bank. The defendant produced several witnesses who testified that they had seen and examined the note some five months after the date of the note and some time before the note became due, and that it then had no indorsement on the back thereof, and that the president of the bank then told the witnesses that the bank was not the owner of the note, but held the note for collection. In this condition of the evidence the court did right in instructing the jury to find for the plaintiff. If the bank held the note for collection it might maintain an action in its own name for that purpose. Comp. St. 1911, ch. 41, secs. 36, 37; *Roberts v. Snow,* 27 Neb. 425. See, also, *Meadowcraft v. Walsh,* 15 Mont. 544, 39 Pac. 914; *United States Nat. Bank v. Geer,* 53 Neb. 67, 55 Neb. 462.

The judgment of the district court is

AFFIRMED.