T. B. WADE, JR., Agent v. T. J. VAUGHN, et al.,

Middle Section.   December 21, 1928.

D. R. Wade, Jr., of Pulaski, for T. B. Wade, Jr., Agent, and R. E. Dotson, of Pulaski, for defendant, T. J. Vaughn.

Bennett Eslick and R. E. Lee, of Pulaski, for defendant and appellant, M. H. Long.

DeWITT, J.   Defendant Long has appealed from the decree of the chancery court awarding to T. B. Wade, Jr., agent, a recovery of the sum of $348.92, the value, with interest, of corn purchased by Long from tenants of Wade, agent, under a written power of attorney, for his mother, the life tenant of a farm rented to Vaughn for the year 1926, during which year the corn was raised on said land. In September, 1925, Vaughn rented the farm from Wade as agent, giving his promissory note for $1700 for rent, payable on or before November 15, 1926, containing the provision, "Lien retained on all crops for payment of this note." The Chancellor awarded to complainant a recovery against Vaughn for the sum of $1507.96 as balance due upon the note, with the provision that the amount awarded against Long would be credited on the judgment against Vaughn upon failure of Vaughn to pay the judgment against him within thirty days from the date of the decree.   Vaughn appealed but has filed no assignments of error.

The insistence is made that complainant Wade was not the owner or holder of the rent note sued on and had no right to institute this suit.   It appears that on November 15, 1926, Wade borrowed of the Citizens Bank of Pulaski the sum of $1450 and pledged this rent note for $1700 as security therefor; that on February 18, 1927, the sum of $209.89 was paid by Long by check to Vaughn and two of his subtenants, delivered to the bank, and this amount was credited on each of these notes; that on March 11, 1927, when the original bill was filed, the Citizens Bank, the pledgee of the rent note had refused to bring suit thereon, but had delivered the rent note to the solicitor for Wade for the collection at the request of Wade in order that suit might be brought in his name; that the bank did not part with its rights in the rent note as pledged but expected Wade's attorney to collect the amount due on the note and apply it to the satisfaction of the note held by the bank.   The weight of the evidence shows that the bank expressly authorized Wade or his attorney to bring suit upon the note, if necessary, to collect the amount due thereon.

This transaction, as a matter of law, enabled Wade to sue on the rent note as the holder within the meaning of section 51 of

chapter 94 of the Acts of 1899, Shannon's Code, sec. 3516a59, which is as follows:

"The holder of a negotiable instrument may sue thereon in his own name; and payment to him in due course discharges the instrument."

The bank, as pledgee, parted with possession of the note and constituted Wade its agent, or trustee, for the purpose of collection and to bring suit to that end, if necessary. The rule is that such an agent or trustee having possession may sue on the note in his own name. The duty to account for the proceeds is a matter between him and the beneficial owner. 3 R. C. L., 993; 31 Cyc., 829; 8 C. J., 820; Brannon's Negotiable Instruments Law (4 Ed.), page 352, and cases there cited; Lowell v. Bickford, 201 Mass., 545; American Forest Co. v. Hall, 279 Mo. 643; Springfield v. Weaver, 137 Mo., 760; Wheeler v. Smith, 112 S. C., 22, 99 S. E., 757; Craig v. Palo Alto Stock Farm, 16 Idaho, 701, 102 Pac., 393; Antelope County Bank v. Wright, 90 Neb., 621, 133 N. W., 1123, Ann. Cas., 1913B, 476.

But complainant Wade had also a beneficial interest in the note sued on, not only to the extent of the amount above the bank's note, but also because of his liability as endorser upon the note sued on.

Faw, P. J., and Crownover, J., concur.