## Horner and others *vs.* Wood and others.

At common law, it was not necessary to the validity of a transfer of a sealed contract, that it should be by deed, or in writing. If there is any such necessity at present, it arises from a statutory provision, restrictive of a common law right; and in such cases it is not necessary, in a declaration or complaint, to aver a compliance with the requisition of the statute. That is matter of evidence only.

The code does not change the former rule, in this particular.

Where a contract has been assigned to the plaintiffs, the fact necessary to be stated in the complaint is the *change of interest* in the contract; so that the plaintiffs may maintain the action as " the parties in interest" under the 111th section of the code. It is not necessary to state a compliance with each and every particular, requisite to render the change effectual.

When a contract is made by a state prison inspector, for the labor of the convicts, the length of time for which the contract is to run, and the number of convicts to be employed, must be definite, and must be specified in such contract; otherwise it will be void.

Accordingly, where the time mentioned in a contract was from three to five years, and the number of convicts was from fifty to one hundred; *Held*, not a compliance with the statute. (*Laws of* 1847, *p.* 593.)

When a contract is the mere subject matter of a new engagement, it is not necessary, in an action to enforce such new engagement, and not for the purpose of carrying out the provisions of the original contract, to set forth in the complaint that the requisite steps were taken to make such original contract effectual.

Demurrer to complaint.

*J. W. Tompkins*, for the plaintiffs.

*Geo. Wood and J. S. Carpenter*, for the defendants.

S. B. Strong, J.   This case comes before me on a demurrer to the complaint. The grounds of demurrer are substantially as follows: 1st. That there is a defect of parties plaintiffs, inasmuch as the contract upon which the suit was instituted was made between the defendants and the plaintiffs, Horner and Grant, and one Cobb; and the complaint does not sufficiently set forth a transfer of Cobb's interest, nor an acquisition of any interest by the plaintiff, Ludlum; and 2d. That it does not appear affirmatively, that the original contract which was assigned to

the plaintiffs, was valid; but that, on the contrary, it is apparent from what is set forth that such contract is void.   The complaint avers that Cobb duly assigned and transferred all his interest in the contract to the plaintiff Grant; and that the plaintiff Ludlum became interested by a sale and assignment to him of a part of Grant's interest.   The defendants' objection to this is, that it does not appear that there was any deed of assignment, or instrument in writing, sufficient to pass Cobb's interest to Grant, or a part of Grant's interest to Ludlum.   The answer to this is, that at common law it was not necessary to the validity of a transfer of a sealed contract, that it should be by deed or in writing.   If there is any such necessity at present, it arises from a statutory provision restrictive of a common law right; and in such cases it is not necessary in a declaration or complaint to aver a compliance with the requisition of the statute.   That is matter of evidence only.   (1 *Chitty's Pl.* 303. 1 *Saund. R.* 276, *at n.* 2.   *Elting* v. *Vanderlyn,* 4 *John. R.* 237.)   The code does not, in my opinion, change the old rule in this particular.   The 142d section, subdivision two, requires that the complaint shall contain a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition; and the 140th section expressly retains the form of pleadings heretofore existing, not inconsistent with the provisions of the code.   Now the *fact* which it was necessary to state, was the *change* of *interest* in the contract, so that the plaintiffs might maintain the action as "the parties in interest" under the 111th section of the same statute.   It surely cannot be necessary to state a compliance with each and every particular, requisite to render the change effectual.   If that should be required, it would lead, in many cases, to great and unnecessary prolixity.

Besides, it is at least doubtful whether the objection of a noncompliance with a statutory provision in a case of this kind, is not confined to the parties to the assailable transaction.   They can, if they choose, make it practically effectual; and then it must be valid as to others who may deal with them in reference to the same subject matter.   This is, of course, applicable only

Horner *v.* Wood.

to cases where a waiver of an objection will, as in this instance, prevent its subsequent application.

The principal ground of demurrer, and that upon which the learned senior counsel for the defendants placed his main reliance, is, that it does not appear that the original contract was made pursuant to the statute, but the contrary. The complaint does not set forth that the preliminary steps required by the statute for the regulation of our county and state prisons, passed December 14, 1847, to make that contract effectual, were taken, and I am inclined to think that it was made in violation of the 77th section of that act. It is provided in that section that whenever the inspector of a state prison shall direct a contract to be made for the labor of the convicts, a public notice shall be given *specifying*, among other things, the *length of time* for which their services are to be let, not exceeding five years, and the *number of convicts* to which the contracts are to be limited. (*Laws of* 1847, *p.* 615.) This plainly infers that the length of time for which the contract is to run, and the number of the convicts to be employed, shall be definite, and specified in the contract; but in this instance neither the time nor the number was fixed. The time was from three to five years, and the number of convicts was from fifty to one hundred. In both cases the minimum and maximum are specified, but that is only limiting a discretion to fix a thing, not specifying the thing itself.

These objections must have been fatal if the action had been upon the original contract and upon a consideration wholly unexecuted. Undoubtedly when one claims a right, not at common law, but wholly of statutory creation, he must set forth the prescribed preliminaries. But this is not an action founded on a statutory contract. The assignment of such contract is the consideration of the defendant's engagement; and possibly its entire and partial enjoyment, or the actual means of enjoying it, if placed within the attainment of the defendants, may be the requisite preliminaries to any obligation to pay the money for the recovery of which the action was brought. Now when a contract, whether statutory or otherwise, is the mere subject

matter of a new engagement, it cannot be necessary in an ac-
tion to enforce such new engagement, and not for the purpose
of carrying out the provisions of the original contract, to set
forth in the complaint that the requisite steps were taken to
make such original contract effectual. I know of no rule of
law, nor have I seen any precedent, requiring that.

There can be no substantial reason for exacting it, but the
contrary. Both parties by making it the subject of the new
engagement impliedly admit its validity. If it should turn out
eventually to be inoperative from facts known to the assignor
and by him concealed from the assignee, that might operate as
an entire or partial defense in an action for the consideration,
but that should be averred on the part of the defendants.
When, however, a contract is known by both parties to be im-
perfect at the time of an assignment, and the assignee, not-
withstanding that, takes it, and subsequently derives some
benefit from it, he has no defense against paying at least a part
of the consideration; and if it should be or might be, (but from
the assignee's neglect or opposition,) fully performed, the defect
would not constitute any defense whatever. Now the defect in
this contract was apparent upon what was stated in the assign-
ment to which the defendants were parties; and it resulted
from the law, of which they could not plead ignorance. It is
stated too, in the complaint, and is admitted by the demurrer,
that the defendants, since the making of the assignment, had
continued to carry on the business therein mentioned, in the
Sing Sing prison, under the original contract, and to have the
benefit of all the labor done in pursuance thereof, until the com-
mencement of the suit, and that they still continue to carry on
the said business and to have the benefit and advantage of said
labor. Here then it appears that the plaintiffs assigned to the
defendants, a contract imperfect, as described in the assignment,
have agreed to pay a sum of money in consideration of that,
and of some property which it transferred, and have had the
full anticipated benefit from such assignment, and now contend
that they are not obligated to pay the stipulated consideration
money. I am satisfied, notwithstanding the very ingenious ar-

gument of the defendants' counsel, that the objections are untenable.

There must be judgment for the plaintiffs on the demurrer, with liberty to the defendants to answer, on the payment of the costs of the demurrer.

[WESTCHESTER SPECIAL TERM, June 10, 1853. *S. B. Strong*, Justice.]