## WATSON v. HUNKINS.

1. ASSIGNMENT OF LEASE. A lease may may be assigned by the lessor so as to give to the assignee the right to recover the rent reserved, without a sale or transfer of the reversionary interest:

*Appeal from Dubuque District Court.*

SATURDAY, OCTOBER 11.

ON the 20th of February, 1856, Finley being the owner in fee of certain lots in Dubuque, leased the same to Smith, McKinlay & Poor, for ten years, with the privilege of renewal; the rent payable quarterly. The concluding clause of the lease is as follows: "And the parties aforesaid, who contract in behalf of themselves, their heirs and assigns, as to the matters aforesaid, hereby bind themselves, their heirs and assigns to the covenants aforesaid, by their respective signatures hereto affixed. The said rent shall be a lien on said contemplated improvements."

October 29, 1856, Smith, McKinlay & Poor, by deed of trust, conveyed all their interest in the premises to Willis, as trustee, to secure a debt owing by them to the defendant, Hunkins. Under this deed, the premises were sold on the 3d of April, 1860, to defendant, who has since held the same, and collected the rents of the tenants in possession.

In 1857, (Nov. 30th,) Finley made a mortgage upon the premises leased, to plaintiff, to secure a debt due from Finley, Burton & Co. This mortgage contains this condition: "If said note is not paid according to its tenor and effect, then the said Watson is to receive all the rents and benefits to be derived from said lease, and that would otherwise inure to said Finley, from and after the date of said forfeiture of the condition herein mentioned, and from that date this deed shall operate as an assignment of the interest of said Finley in said lease, until said debt is fully satisfied and paid by the foreclosure of this mortgage or otherwise."

This mortgage was not paid, and Watson brought this action against Hunkins to collect the rent accruing after April 3d, 1860, claiming that Hunkins is liable, and that

he, Watson, by the terms of his mortgage, without its foreclosure, can maintain his action therefor. Judgment for plaintiff and defendant appeals.

*Wilson, Utley & Doud* for the appellants. There was no privity of estate between Watson, the mortgagee, and Hunkins, the assignee of the lease. 1 Greenl. Ev., § 189; 2 Bac. Abr., Cov. E., 3; Rev., 1860, § 2217; 4 Kent Com., 530 (8th ed.), 1 Chit. Pl., 16; Mo., 253.

*Samuels, Allison & Crane* for the appellee. 1. The defendant was in possession, and this is sufficient to show that he was an assignee of the lease. *Provost* v. *Calder*, 2 Wend., 522; 2 Stark., 437; Taylor's Land. and Ten., 450; 3 Ed. Phill. Ev., 466; *Williams* v. *Woodward*, 2 Wend., 486; *Walton* v. *Cunley*, 14 Wend., 63. 2. As assignee, he must perform all the covenants which are annexed to the estate. Taylor's L. and T., § 437; *Childs* v. *Clark*, 3 Barb. Ch., 61; 9 Cow., 88; *Walton* v. *Cunly*, 14 Wend., 64; *Walker* v. *Reeve*, Doug., 461, note; Bull N. P., 157; *Howland* v. *Coffin*, 12 Pick., 125; 2 Mass., 460; *Booth* v. *Stow*, 1 Com., 244; *Spencer's case*, 1 Smith's L. C., 106; 3. By the mortgage, Finley assigned to plaintiff the reversion of the premises, and the right to the rent in express terms, after which he could not maintain an action for a breach in his own right. 20 Barb., 274; Taylor's Land. and T., 447; 2 Hill, 294; 8 Cow., 206; *Allen* v. *Bryan*, 5 B. & C., 512. 4. At common law, the assignee of the reversion may maintain an action to recover the rent against the assignee of the lease. See cases, *supra*.

WRIGHT, J. — Under the facts as above recited, the court charged the jury: "If you believe that Finley leased the real estate to Smith, McKinlay & Poor; that he assigned the lease to Watson; that the interest of the lessees was sold to Hunkins, and that he, after his purchase, received

rent from the occupants of the premises, this would render him liable from the time of his purchase, and receiving rents — that the assignee of a lessor may maintain his action against the purchaser of the leasehold interest from the lessees." And refused this instruction asked by defendant: ."That the transfer to Watson by Finley of his interest in the lease does not constitute Watson a landlord between whom and Hunkins the relation of landlord and tenant exists — that if there is no privity of estate between Watson and Hunkins, their verdict must be for defendant."

In these rulings there was no error — at least, none working such prejudice as to justify a reversal of the cause. As sustaining this view, see *Abercrombie* v. *Redpath*, 1 Iowa, 111; *Demarest* v. *Willard*, 8 Cow., 206; *Willard* v. *Tillman*, 2 Hill, 274; *Fanning* v. *Stimson*, *ante*; Taylor's Land. and Ten., 436-37-450. Watson is not, of course, the landlord of the premises, in the sense of owning the fee, or any title in the estate. Nor is this necessary. For in this state, a lease may be assigned by the lessor, so as to give to the assignee the right to recover the rent reserved, without a sale or transfer of the reversionary interest. The doctrine of the common law, that choses in action are not assignable, does not obtain with us. The agreement between Finley, the lessor, and Watson, the assignee, amounts to an assignment of the rent reserved, to be applied on the payment of the mortgage debt.

                                            Affirmed.