## C. CARPENTER, Respondent, *v.* JOHNSON & WADDELL, Appellants.

All instruments made prior to the 30th of June, A. D. 1864, if not stamped at the time of the execution, may be so stamped at any time afterwards; and when that is done, may be introduced in evidence as if properly stamped at the time of its execution.

The failure of the plaintiff to prove the correctness of his book account, or that the entries were made at or about the time of the transaction, cannot be taken advantage of for the first time on appeal if the point be not made in the lower Court, it will not be passed upon in the appellate Court.

An appellate Court will presume that the judgment of the lower Court was sustained by the evidence in the absence of a showing to the contrary.

An assignee of an account may sue on it in his own name, though the assignor have an interest in it.  The assignor, in such case, need not be made a party.

APPEAL from the District Court of the Third Judicial District, State of Nevada, Lyon County, Hon. W. HAYDON presiding.

The defendants, A. Johnson and J. Waddell, were partners, doing business at Dayton, Lyon County, during the year 1863. While they were thus connected they became indebted to the plaintiff in the sum of ten hundred and nine dollars and twenty-two cents, for labor and materials furnished for them between the 9th day of May, A. D. 1863, and the 14th day of November of the same year; four hundred and ninety-three dollars and eighty cents of which was, however, paid before the bringing of this action.  The defendants also became indebted to F. Birdsall & Co. for goods, wares and merchandise, purchased at various times between the 1st day of June, A. D. 1862, and the 15th day of November, 1863, in the sum of five hundred and fifty-five dollars and seventy-one cents. Prior to bringing this action this account of F. Birdsall & Co. was assigned to the plaintiff.

The defendants also became indebted to W. B. Harrub & Co. for merchandise, purchased between the 1st day of June, A. D. 1862, and the 20th day of November, A. D. 1863, in the sum of two hundred and fifty-seven dollars, which demand was also assigned to the plaintiff.  Upon these several accounts, amounting in the aggregate to the sum of fourteen hundred and eighty dollars and eighty-two cents, the plaintiff brought this action.

Upon the trial the defendants objected to the introduction of evidence of the assignment of Harrub & Co.'s account, for the reason that it did not purport to be the assignment of Harrub & Co., but of one Walter Harrub, and because it was not properly stamped.  The Court permitted the plaintiff's counsel to affix the proper stamp, and admitted both assignments in evidence.

Judgment for plaintiffs; defendants appeal.

*H. M. Steele*, Attorney for Appellants.

*F. H. Kennedy*, Attorney for Respondent.


Opinion by LEWIS, C. J., BEATTY, J., concurring.

The first assignment of error which we will notice in this case, is that the Court below erred in admitting the assignment of Harrub & Co. in evidence; first, because it was not properly stamped, and second, because it does not purport to be the assignment of Harrub & Co., but of one Walter Harrub. The statement discloses the fact that the assignments of the accounts of Harrub & Co. and Birdsall & Co. to plaintiff, were not stamped until they were offered in evidence, when, by permission of the Court, counsel for plaintiff attached the proper stamp to both assignments.

This mode of proceeding was entirely proper, and when an instrument is so stamped in Court it may be introduced in evidence as if it had been properly stamped at the time of its execution.

Statutes at Large for the years 1863 and 1864, page 295, section 163, expressly provides for the stamping of all instruments made prior to the 30th of June, A. D. 1864, in the manner pursued by plaintiff's counsel in this case.

The assignment of Harrub & Co. having been signed by Walter Harrub individually instead of in the firm name, seems to be cured in this case by the testimony of Mr. Gall, one of the members of that firm, which clearly shows that it was intended as the assignment of the firm, though only signed by one of its members; the other members consenting to it, and charging the account so assigned to Carpenter on the company's books.

The question of whether the plaintiff should have proven the correctness of his book account, or that the entries were made at or about the time of the transaction, is a matter of no consequence here, as there does not appear to have been any objection of that kind taken in the Court below, it cannot be passed upon here.

The plaintiff himself was also called, and testified that the

defendants were indebted to him in the sum of five hundred and five dollars and forty-two cents, for work and labor performed for defendants, and for materials furnished. The books might, therefore have been rejected entirely.

Whether this testimony is sufficient to sustain the judgment upon his account cannot be determined here, for the reason that there is nothing in the transcript showing that that was all the evidence to sustain it, and this Court is bound to presume that the findings of the Court below were sustained by the evidence, in the absence of evidence to the contrary.

Whether Carpenter was the only person interested in the accounts assigned to him cannot affect this case, for it is well settled that a note or account thus assigned may be sued upon by the assignee in his own name. If the assignors, Harrub & Co. and Birdsall & Co., have any interest in the accounts assigned to Carpenter, he stands in the position of a trustee for them, and the statute expressly provides that "An executor or administrator, trustee of an express trust or a person expressly authorized by statute, may sue *without joining with him the person or persons* for whose benefit the action is prosecuted." (Statutes of 1861, p. 315, sec. 6.)

The judgment below must be affirmed.