BRUMBACK & CAHALAN, RESPONDENTS, v. J. B. OLD-HAM & CO., APPELLANTS.

ASSIGNEE—PARTIES.—The assignee of a chose in action is in all cases the proper party to sue.

ASSIGNEE OF CHOSE IN ACTION—EQUITIES.—The assignee of a chose in action takes it subject to all equities existing at the time of the assignment.

ASSIGNMENT—CONSIDERATION.—The consideration of an assignment need not be alleged or proved.

ASSIGNEE.—The assignee of an account may bring an action upon it, in his own name, though the assignor retain an interest in it.

CHAMPERTY—PLEADING.—Unless champerty be alleged in the pleadings, it can not be considered.

APPEAL from the second judicial district, Ada county.

*Huston & Gray,* for the appellants.

*Brumback & Cahalan,* for the respondents.

CLARK, J., delivered the opinion. HOLLISTER, C. J., and PRICKETT, J., concurred.

The plaintiffs, Brumback & Calahan, commenced an action against the above-named J. B. Oldham & Co., upon several choses in action, to wit, book accounts which had been assigned to them, in writing, by the several owners thereof. The defendants answered to the complaint, and admit that plaintiffs' assignors respectively sold and delivered to the defendants the goods, wares, and merchandise mentioned in the complaint, and admit the several amounts claimed were then due and owing, except the claim assigned by the Consolidated Tobacco Co., to which they deny being indebted in any greater sum than two hundred and one dollars and fifty-seven cents, which sum they admit to be now due.

The defendants, on information and belief, deny that for a valuable consideration, or any consideration at all, the several assignors mentioned in the complaint sold, assigned, and transferred to the plaintiffs, under their firm name, or in any manner, their accounts, or any of them, for the goods, wares, etc., mentioned in the complaint. Defendants allege that the plaintiffs are not the owners of the accounts mentioned in the complaint, and are not the real parties in interest, but that the plaintiffs' assignors are the real parties in interest.

Section 4 of the revised statutes provides that every action shall be prosecuted in the name of the real party in interest, except as otherwise provided in this act.

Sec. 5. In case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any set-off or other defense, existing at the time of, or before notice of the assignment; but this section shall not apply to a negotiable promissory note or bill of exchange transferred in good faith, and upon good consideration, before due. Choses in action may be assigned. (*Walling* v. *Miller*, 15 Cal. 38; *Walson* v. *Hunkin*, 13 Iowa, 547; *Dobyns* v. *McGovern*, 15 Mo. 662.) The assignee of a chose in action is in all cases the proper party to sue. (Swan's Ohio Pl. 65.)

The object of the foregoing provisions in the code was to abolish the distinction between the former practice of courts of common law and chancery, and give full effect at law as well as in equity to assignments of rights in action, by permitting and requiring the assignee to sue in his own name. If as between assignor and assignee, the transfer is complete, so that the former is divested of all control and right to the cause of action, and the latter is entitled to control it and receive its fruits, the assignee is the real party in interest, whether the assignment was with or without consideration, and notwithstanding the assignee may have taken it subject to all equities between the assignor and third persons. (*Cummings* v. *Moore*, 25 N. Y. 627.) The defendants admit their indebtedness to the plaintiffs' assignors, and admit the assignments, but deny that any consideration passed from the plaintiffs to the assignors. It has been held uniformly in New York, Nevada, and California, and in this territory, that consideration in such cases need not be alleged or proved. (*Winters* v. *Rush*, 34 Cal. 136; *Martin* v. *Kanouse*, 2 Abb. Pr. 331; *Horner* v. *Wood*, 15 Barb. 372; *Moore* v. *Waddle*, 34 Cal. 145; *Clark* v. *Downing*, 1 E. D. Sm. 406.)

In Nevada it has been held that an assignee of an account may sue on it in his own name, though the assignor have an interest in it. The assignor in such case need not be made a party. (*Carpenter* v. *Johnston*, 1 Nev. 333.) In this case the court say: "If the assignors have any interest in the accounts assigned to Carpenter, he stands in the position of a trustee for them, and the statute

expressly provides that an executor or administrator, trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person or persons for whose benefit the action is prosecuted." Section 6 of our practice act is the same in all respects.

The defendants by their answer admit the execution of the assignments, and no matter what the purpose was for which they were made, and admitting they were made to facilitate the collection of the several accounts, yet they are sufficient in law to enable the plaintiffs to maintain their suit.

The assignees take the interest by assignment subject to all equities and offsets which existed against the assignors at the time of the assignment. We can not see how the defendants were injured or in any manner affected by these assignments. They admit owing the debt and that it is due. They do not claim that they have paid any part of it, or that they had offsets to it. Neither do they claim that any fraud, deceit, or unfairness was practiced upon them. Defendants deny owing the full amount assigned by the Consolidated Tobacco Co. The plaintiff proved the amount of the claim assigned by the tobacco company, which was not varied or altered by any proof on the part of the defendants, and amounted to the full sum assigned to the plaintiffs by said company. The question of champerty is not raised by the pleadings, and therefore will not be considered in this case.

Judgment of the court below affirmed.