## H. A. CASTLEMAN, Appellant, v. HELEN REDFORD, Respondent.

No. 3361

April 9, 1942.                    124 P. (2d) 293.

*A. S. Henderson* and *Alfred H. McAdoo,* both of Las Vegas, for Appellant.

*Frank McNamee, Jr.,* of Las Vegas, Amicus Curiæ.

## OPINION

By the Court, DUCKER, C. J.:

The plaintiff, respondent here, commenced an action against the above-named H. A. Castleman, doing business under the fictitious name of Seven-Up Bottling Company, of Las Vegas, Nevada, for the sum of $500 on account of goods sold at San Diego, California, by the Star Beverage Company, and delivered to defendant, which account had been assigned to plaintiff.

Defendant demurred to the complaint, setting up, among other allegations, that plaintiff was not the real party in interest. The demurrer was overruled and defendant answered denying generally the allegations of the complaint. As to the allegation of assignment, defendant, on information and belief, denied that Star Beverage Company assigned the claim sued upon to plaintiff, and that she is the owner and holder thereof, or either. In this connection defendant alleged that plaintiff is not the real party in interest, but is an assignee for collection only, and that the alleged claim for whatever it may be worth, still belongs to Star Beverage Company; alleging further in this regard, that Star Beverage Company, whether an individual, one or more, doing business under a fictitious name, is a resident of San Diego, California, and if it is a corporation, it is a foreign corporation to the State of Nevada, and that the purported and alleged assignment made to plaintiff was so made for the purpose of defeating and denying to defendant, a resident of Nevada, the right to require security for costs when sued by a nonresident or foreign corporation, and further, was for the purpose of preventing in said alleged action a counterclaim against said Star Beverage Company, under and by which an affirmative judgment could be recovered against said Star Beverage Company, but not recoverable against an assignee. Plaintiff, in her reply, admits she is an assignee for collection, and that the Star Beverage Company,

whether an individual, one or more, doing business under a fictitious name, is a resident of San Diego, California, and is not a citizen or resident of the State of Nevada, and if Star Beverage Company is a corporation, it is a corporation foreign to the state.

The case was tried to the court without a jury. At the close of plaintiff's case defendant moved for a nonsuit, which was denied, and plaintiff was permitted to amend her complaint, by which amendment, "Las Vegas, Nevada," was substituted for "San Diego, California" as the place of sale, and the date thereof alleged as the 1st day of April 1940.

Judgment was rendered for plaintiff in the amount sued for. The appeal is from the judgment and order denying the motion for a new trial.

■ The first and only point made by defendant worthy of special notice is the one presented by the pleadings, whether plaintiff is precluded from suing in her own name by reason of the fact that she is an assignee for collection only. Defendant asserts that as such she cannot prosecute this action. Section 8543 N. C. L. provides: "Every action shall be prosecuted in the name of the real party in interest, except as otherwise provided in this act."

That an assignee of a chose in action is entitled to sue is clearly implied from section 8545 N. C. L. "In the case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any set-off or other defense, existing at the time of, or before notice of, the assignment; but this section shall not apply to a negotiable promissory note, or bill of exchange, transferred in good faith, and upon good consideration, before due."

Section 8544 N. C. L. provides: "An executor or administrator, or trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person or persons for whose benefit the action is prosecuted. A trustee of an express trust,

within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another."

The above provisions have been in our practice acts since territorial days, and in one of the first cases decided by this supreme court, the principle which would authorize an assignee for collection to sue in his own name, was recognized and applied. Carpenter v. Johnson, 1 Nev. 331, 332. It was there held that an assignee of an account may sue on it in his own name, though the assignor have an interest in it. On this phase of the case the court said:

"Whether Carpenter was the only person interested in the accounts assigned to him cannot affect this case, for it is well settled that a note or account thus assigned may be sued upon by the assignee in his own name. If the assignors * * * have any interest in the accounts assigned to Carpenter, he stands in the position of a trustee for them, and the statute expressly provides that 'An executor or administrator, trustee of an express trust or a person expressly authorized by statute, may sue without joining with him the person or persons for whose benefit the action is prosecuted.' * * *"

To the same effect is the case of Brumback v. Oldham, 1 Idaho 709, holding under statutes the same as ours, that an assignee of an account may bring an action upon it, in his own name, though the assignments were made to facilitate the collection of several accounts, and quoting from Carpenter v. Johnson, supra.

The rule on the precise question presented is stated in 2 R. C. L., 640, sec. 51, as follows: "It is sometimes provided by statute that every action must be prosecuted in the name of the real party in interest, and under such statutes it is generally held that an assignment absolute in terms, and vesting in the assignee the apparent legal title to a chose in action, is considered as being unaffected by a collateral contemporaneous agreement respecting the proceeds, and the assignee may sue in his own name as the real party in interest, even though the

entire consideration for the assignment is made to depend on the contingency of collection, or the assignee is to account to the assignor for the proceeds when collected."

The above statement of the rule is fairly deducible from the weight of authority. Manley v. Park, 68 Kan. 400, 75 P. 557, 66 L. R. A. 967; Citizens' Bank v. Corkings, 9 S. D. 614, 70 N. W. 1059, 62 Am. St. Rep. 891; Leon v. Citizens' Bldg., etc., Ass'n, 14 Ariz. 294, 127 P. 721, Ann. Cas. 1914D, 1151, Leavenworth State Bank v. Wenatchee Valley Fruit Exchange, 118 Wash. 366, 204 P. 8; Falconio v. Larsen, 31 Or. 137, 48 P. 703, 37 L. R. A. 254; Hayday v. Hammermill Paper Co., 176 Minn. 315, 223 N. W. 614, 63 A. L. R. 210; Sims v. Everett, 113 Ark. 198, 168 S. W. 559, L. R. A. 1918C, 7 Ann. Cas. 1916C, 629; Brown v. Harding, 170 N. C. 253, 86 S. E. 1010, Ann. Cas. 1917C, 548; Hammell v. Superior Court, 217 Cal. 5, 17 P. (2d) 101; 4 Am. Jur. 328, sec. 123; 6 C. J. S., Assignments, sec. 125, p. 1179 and note 88; 2 Bancroft on Code Pleading sec. 866; Clark on Code Pleading, 101, 102; Pomeroy Code Remedies (3d. ed.), 161, sec. 132.

In the last citation this noted authority there states: "Analogous to the subject discussed in the preceding paragraph is the question whether an assignee, to whom a thing in action has been transferred by an assignment which is absolute in its terms, so as to vest in him the entire legal title, but which, by means of a contemporaneous and collateral agreement, is, in fact, rendered conditional or partial, is the real party in interest. It is now settled by a great preponderance of authority, although there is some conflict, that if the assignment, whether written or verbal, of anything in action is absolute in its terms, so that by virtue thereof the entire apparent legal title vests in the assignee, any contemporaneous collateral agreement by virtue of which he is to receive a part only of the proceeds, 'and is to account to the assignor or other persons for the residue, or even is to thus account for the whole proceeds, or by virtue of

which the absolute transfer is made conditional upon the fact of recovery, or by which his title is in any other similar manner partial or conditional,' does not render him any the less the real party in interest: he is entitled to sue in his own name, whatever collateral arrangements have been made between him and the assignor respecting the proceeds. The debtor is completely protected by the assignment, and cannot be exposed to a second action brought by any of the parties, either the assignor or other, to whom the assignee is bound to account. This is the settled doctrine in most of the states."

Citing many authorities, among which are, Brumback v. Oldham, supra, which, in turn, cites Carpenter v. Johnson as heretofore stated. Allen v. Brown, 44 N. Y. 228; Young v. Hudson, 99 Mo. 102, 12 S. W. 632, which involved assignment of an account for collection, as did Brumback v. Oldham, supra.

The rule is well stated in Citizens' Bank v. Corkings, supra [9 S. D. 614, 70 N. W. 1060, 62 Am. St. Rep. 891] : "Respondent is, in contemplation of the statute, not only the real party in interest, but, in a certain sense, the trustee of an express trust, and the only person in whose name the action could be prosecuted under section 4870 or 4872 of the Compiled Laws. * * * The debtor being fully protected, the rule is that a written or verbal assignment, absolute in terms, and vesting in the assignee the apparent legal title to a chose in action, is unaffected by a collateral contemporaneous agreement respecting the proceeds, even though the entire consideration for the assignment is made to depend upon the contingency of collection, and the assignee must sue in his own name as the real party in interest."

■ An assignee for collection of a claim on account stands somewhat in a dual position as a party plaintiff, an indicated in the foregoing authority. The assignment absolute in its terms clothes him with the legal interest and insofar as he is accountable to the assignor, he is a trustee of an express trust within the terms of

sec. 8544. Carpenter v. Johnson, supra. Brumback v. Oldham, supra; Toby v. Oregon Pac. R. R. Co., 98 Cal. 490–497, 33 P. 550; Carson Pirie Scott & Co. v. Long, 222 Iowa 506, 268 N. W. 518. But this, however, is of no concern to the debtor. He is protected against the demand of the original creditor and is not precluded from interposing any defense he may have to a suit by the assignor.

It is insisted by defendant that Carpenter v. Johnson, supra, has been overruled by Gruber v. Baker, 20 Nev. 453, 23 P. 858, 9 L. R. A. 302. This idea is erroneous. No legal title passed to the assignee in that case. It was there held that a right of action based on fraud was not assignable, but is personal to the party defrauded. Prosky v. Clark, 32 Nev. 441, 109 P. 793, 35 L. R. A., N. S., 512. An assignment of an account for collection creates a trust, and there was no trust in the case of Gruber v. Baker.

Defendant relied on State ex rel. Freebourn v. Merchants' Credit Service, 104 Mont. 76, 66 P.(2d) 337, and Streetbeck v. Benson, 107 Mont. 110, 80 P.(2d) 861. They do not represent the present law of Montana on this question, as both were expressly overruled in Rae v. Cameron, Mont., 114 P.(2d) 1060–1067, 1068.

"It is well settled," said the court in the latter case, "that an assignment for collection, without any consideration being paid by the assignee, vests the legal title in the assignee, which is sufficient to enable him to recover, although the assignor retains an equitable interest in the thing assigned."

The objections to the evidence were properly overruled, and the evidence establishes that plaintiff was entitled to sue in her own name.

■ It is contended by defendant that the assignment was made to deprive him of the right given him by law to demand and have security for costs, and to deprive Atlas Supply Company, a corporation, or its successor, if and when before the court, of the right to assert a counterclaim against Star Beverage Company in an

amount in excess of the amount sued for by plaintiff, and for an affirmative judgment against said Star Beverage Company, based on breach of warranty, such affirmative judgment not being possible against the assignee. It is enough to say as to this claim, that a valid assignment having been proved it is quite immaterial what motives may have prompted the assignor to make the transfer. 6 C. J. S., Assignments, sec. 132, note 58, p. 1184, sec. 67, p. 1119, sec. 125, p. 1177; Hayday v. Hammermill Paper Co., supra. In the above case the claim was that the assignment was made for the purpose of preventing the removal of the action into the federal court. As to this claim the court [176 Minn. 315, 223 N. W. 616, 63 A. L. R. 210] said:

"The argument for defendant denies the efficacy of the assignment as a transfer of legal title because alone of its obstruction of the right of removal which defendant would have had otherwise. That result is stated to be a fraud upon the rights of defendant. But the effect so complained of and that it was intended do not make fraud. The cause of action in the sellers was freely assignable by sale or gift. Defendant had no right to select the transferee nor the state of his residence. Therefore it cannot complain because the assignment was to a citizen of its own state so that when sued thereon in another state there was no right of removal. That the transfer was without consideration and its purpose to maneuver defendant out of the right of removal is of no legal consequence. So long as there was an actual transfer its motives will not be gone into."

■ There is no merit in the claim that it was error to permit the plaintiff to amend the complaint to conform to the proof. The amendment merely went to the time and place of sale, and meeting an immaterial variance was allowable as a matter of course. 49 C. J. 815.

■ Nor is there any merit in the claim that no valid transfer of title was proved because no showing was made that the Star Beverage Company was an individual

or entity capable of making an assignment. It is immaterial whether the assignor was a corporation, partnership, or individual doing business under a fictitious name.

We find against all points made by the defendant.

The judgment and order denying the motion for a new trial should be affirmed.

It is so ordered.

### ON PETITION FOR REHEARING

June 2, 1942.

*Per Curiam:*

Rehearing denied.