WILLIAM A. THELIN, AKA BILL THELIN, DBA THELIN LUMBER SALES, APPELLANT, v. INTERMOUNTAIN LUMBER AND BUILDERS SUPPLY, INC., RESPONDENT.

No. 4707

May 28, 1964                                    392 P.2d 626

*Milton W. Keefer* and *Cecil Wilbur Lynn,* of Las Vegas, for Appellant.

*Stanley Pierce* and *Don L. Griffith,* of Las Vegas, for Respondent.

## O P I N I O N

By the Court, BADT, C. J.:

This appeal is from an order of the court below discharging an attachment. The motion to discharge the

attachment was made upon the ground that "the complaint fails to state a claim against defendant upon which relief can be granted, in that plaintiff is not the real party in interest." The order was correct and must be affirmed. A statement of the facts follows. The parties will be referred to by their abbreviated names.

In January, February, March, April, and May, 1963, Thelin made sundry sales of lumber to Intermountain. On the occasion of each sale Thelin would assign the invoice, indicating an account receivable by him, to the bank and Intermountain was notified of such assignment. Each assignment was worded as follows: "For a valuable consideration the undersigned hereby sells, assigns, transfers and sets over to the United States National Bank of Portland (Oregon) the foregoing account and the money due thereunder." This was signed by Thelin. Attached to each invoice thus assigned was Thelin's promissory note to the bank for 75% of the invoice. The procedure followed was for the bank to credit Thelin's account with the amount of his promissory note and forward the invoice to Intermountain. The bank would then collect the assigned account receivable, apply 75% to satisfy Thelin's note to the bank, and would credit Thelin's account with the balance.

In July numerous accounts remained unpaid, and in addition checks drawn by Intermountain in favor of the bank were dishonored. Appellant filed his complaint July 24, 1963, for goods sold and delivered in the sum of $62,456.01, and for the further sum of $23,692.31 represented by three checks for payment of lumber sold by Thelin to Intermountain between May 23 and July 19, 1963, which checks were returned unpaid. The complaint alleged that the defendant corporation Intermountain, having its principal place of business in Las Vegas, Nevada, was indebted as aforesaid, was insolvent or in imminent danger of insolvency, that a judgment against the corporation would be unavailing if the defendant were permitted to sell its inventory of lumber, most of which was acquired from plaintiff and was unpaid for, and that the appointment of a receiver was required to

conserve the assets in defendant's possession, and preserve the interests of plaintiff and other creditors. Summons was issued and served the same day. Writ of attachment was issued July 30, 1963, and an amended writ on August 2, 1963. The first writ was for the security of plaintiff's demand of $86,148.32 on his original complaint, and the second writ on his amended complaint which increased the demand to $139,141.61.

On August 13, 1963, the bank re-assigned to appellant the remaining unpaid invoices for lumber sold by Thelin to Intermountain. Intermountain answered and counterclaimed, and Thelin answered the counterclaim on August 16, 1963. According to such pleading, Thelin's claims now totaled $188,051.68. This included the checks drawn by Intermountain in favor of the United States National Bank of Portland which had been delivered to Thelin and by him forwarded to the bank. When they were dishonored, the bank recharged them to Thelin's account.

In Thelin's appeal from the order discharging the attachment, he urges (1) that he was the real party in interest because he retained a 25% interest in the assigned account; (2) because the bank had granted to him policing and collecting powers of the accounts; (3) because of the re-assignment to him of the dishonored checks, and the re-assignment to him on August 13, 1963, by the bank of the uncollected accounts; that by reason of such re-assignments he became the only party in interest; and (4) that in any event his motion for leave to amend his complaint to include the United States National Bank of Portland as a party plaintiff should have been granted.

NRCP 17(a) provides in pertinent part as follows: "Every action shall be prosecuted in the name of the real party in interest * * *." At the oral argument appellant admitted that the use of the word "prosecute" includes the commencement of the suit.

From the wording of the assignments of the accounts as noted above such assignments were absolute on their

face, but there seems to be no doubt but that the assignments were actually pledges, or assignments for the purpose of providing collateral security for appellant's promissory notes. Appellant cites texts and certain cases from foreign jurisdictions to indicate that there is a division of opinion whether under such circumstances the assignor or the assignee is the real party in interest. It is unnecessary for us to enter into a discussion of such asserted conflicting views. The rule in this state is clear:

In Winnemucca State Bank & Trust Co. v. Corbeil, 42 Nev. 378, 178 P.23 (1919), the pledgee of a note for collateral security sued the maker of the note. The trial court dismissed the action on the ground that the pledgor of the note was the real party in interest. This court reversed, holding that a pledgee of a note for collateral security is the real party in interest in a suit on the note citing the predecessor statute of NRCP 17(a). The court stated:

"The general rule is that the pledgor cannot maintain an action on the collateral while the condition is not performed, and the pledgee of a collateral, where the condition has not been performed, is held to be the party in interest to maintain an action thereon.

\* \* \* \* \*

"The rights of the [pledgor] are not concurrent with those of the [pledgee]. They are subordinate. The [pledgor] has nothing to get from the note until the [pledgee's] claim be entirely satisfied. By its endorsement and delivery of the note it substituted the [pledgee] in its place to demand and receive payment of the note. Surely it had no right to demand anything from the [pledgee]. How, then, had it any real interest in the note at the commencement of the action? It is true it had an interest in what the [pledgee] might collect, but that is a different thing from an interest in the note itself."

The Supreme Court of Washington in Hodge v. Truax, 184 Wash. 360, 51 P.2d 357, cites the Winnemucca Bank

case with approval. In accord is 3 Moore, Federal Practice 1343 (2d ed.). In Castleman v. Redford, 61 Nev. 259, 124 P.2d 293, this court held that the assignee or pledgee is considered to hold the legal interest in the thing pledged or assigned, and the pledgee is accountable to the pledgor as a trustee of an express trust. Carpenter v. Johnson, 1 Nev. 331.

On reason and authority the instant case is governed by Winnemucca State Bank & Trust Co. v. Corbeil, supra.

See Annot. 65 A.L.R. 1321 for some of the generally recognized exceptions to the rule that only the pledgee may sue. None of such exceptions applies here.

Appellant's contention that the later return of the dishonored checks to him indicates him as the real party in interest is without merit. They had been sent by Thelin to the bank for collection and credited to his account. When they were dishonored the bank simply returned them and charged them back to his account.

Appellant's constant reiteration that he retained a 25% interest in the assigned accounts is simply not borne out by the facts. He simply had an interest in the proceeds of the collection. See Carpenter v. Johnson, supra.

Nor is there merit to appellant's contention that the subsequent re-assignment of the accounts by the bank to Thelin after the filing of the complaint and the issuance of the writ of attachment, related back to the date of the filing of the complaint. In Read v. Buffum, 79 Cal. 77, 21 P. 555, the action was brought by the assignee of the original corporate obligee, the California Powder Works. The assignment was executed by the secretary of the corporation, who was however not shown to have had any power to make it. The assignment was ratified by the board of directors of the corporation after the commencement of the action. The court said: "The ratification of the board of directors was not given until

after the commencement of the action,—too late to avail the plaintiff anything, as he could not recover for a cause of action accruing after he commenced his action."

Respondent's motion to discharge the attachment was coupled with a motion to dismiss the complaint. The trial court apparently took no action on the motion to dismiss, and nothing growing out of such motion is before us.

From the foregoing we are satisfied that at the time the attachment issued appellant had no valid claim to support the attachment. Accordingly, the order discharging the attachment was proper and is hereby affirmed with costs.

McNAMEE and THOMPSON, JJ., concur.