**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45688**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 2, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| ROBERT LEVEQUE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction and order relinquishing jurisdiction. affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Robert Leveque pleaded guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1). The district court imposed a unified seven-year sentence, with three years determinate. The district court retained jurisdiction, and Leveque was sent to participate in the rider program. After Leveque completed his rider, the district court relinquished jurisdiction. Leveque appeals, claiming that the district court erred by refusing to grant probation. He also argues his sentence is excessive and constitutes an abuse of discretion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102

1

Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Leveque has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Leveque also contends that his sentence is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

The order of the district court relinquishing jurisdiction and Leveque's sentence are affirmed.