(February 5, 1916.)

W. A. 'ANDERSON, Appellant, v. ANDREW COOLIN, W. B. MITCHELL, Trustee, E. H. BERG, Trustee, CHARLES W. BEARDMORE, and WASHINGTON TRUST CO., a Corporation, Respondents.

[155 Pac. 677.]

FRAUD IN PROCURING JUDGMENT—DEFENSE TO ORIGINAL ACTION—ATTORNEY'S FEE.

1. It having been determined in a former decision by this court that the facts relied upon by appellant do not constitute a defense to the note and mortgage, involved herein, either in the hands of the original owners or of their assignee, the judgment heretofore entered decreeing the foreclosure of the mortgage, in an action wherein the assignee was plaintiff and appellant was defendant, will not be vacated by reason of fraud, consisting of misrepresentations and concealments, whereby the court was procured to adjudge and decree that the assignee was the holder and owner of the note and mortgage by purchase and assignment in the regular course of business, when in truth and in fact he held them for the purpose of collection only, since appellant's proposed defense, should he be permitted to make it in another action involving the same matter, must fail.

2. Where a note and mortgage provide that the maker will, in case suit or action is instituted to collect the debt thereby evidenced and secured, pay a reasonable attorney's fee in addition to the costs and disbursements necessarily expended by plaintiff, he is equally liable if the plaintiff holds the note and mortgage for the purpose of collection only, and the assignors have paid an attorney's fee, or are chargeable with it, as he would be if the plaintiff had become

the owner of the note and mortgage in the regular course of business and for value, and had paid or had become liable for the fee himself.

[As to validity of stipulation for attorney's fees in notes, see note in 55 Am. St. 438.]

APPEAL from the District Court of the Eighth Judicial District for Kootenai County.   Hon. John M. Flynn, Judge.

Action to vacate and set aside a judgment.   Judgment for defendants.   *Affirmed.*

J. F. Ailshie and E. N. La Veine, for Appellant.

"A court of equity will not restrain the enforcement of a judgment at law on the ground of perjury or fraud in obtaining it, unless such fraud is extrinsic and collateral to the question examined and determined in the action." (*Donovan v. Miller,* 12 Ida. 600, 606, 88 Pac. 82, 9 L. R. A., N. S., 524, 10 Ann. Cas. 444.)

This case falls within the exception pointed out in the Donovan-Miller case and noted in the leading case of *United States v. Throckmorton,* 98 U. S. 61, 65, 66, 25 L. ed. 93, 95.

"The rule as to suppression of evidence is that where a judgment has been procured by intentional concealment of a material fact, for the purpose of misleading the opposite party and deceiving the court, equity will grant relief.   There must however, have been no laches on the part of the defrauded party." (*Guild v. Phillips,* 44 Fed. 461; *Taylor v. Nashville & C. R. Co.,* 86 Tenn. 228, 6 S. W. 393; *Laithe v. McDonald,* 12 Kan. 340; *Ewing v. Lamphere,* 147 Mich. 659, 118 Am. St. 563, 111 N. W. 187; *First Baptist Church v. Syms,* 52 N. J. Eq. 545, 31 Atl. 717; 1 Black on Judgments, sec. 323.)

W. B. Mitchell and McNaughton & Berg, for Respondents.

The new matter set forth in the complaint herein is immaterial and without merit, and does not constitute any grounds for setting aside the judgment, because the result in the former action would have been the same whether Coolin held

for collection only or held as a holder in due course without notice. (*Craig v. Palo Alto Stock Farm*, 16 Ida. 701, 102 Pac. 393; *Ballinger v. Vates*, 26 Colo. App. 116, 140 Pac. 931; *Haviland v. Johnson*, 70 Or. 83, 139 Pac. 720; *Brumback v. Oldham*, 1 Ida. 709.)

The question of whether Coolin was a fictitious plaintiff or had the capacity to sue or declare the note due were questions that should have been raised by demurrer, or at least exceptions taken upon the trial of said original cause, and since this was not done, then those questions could not be raised for the first time upon the appeal to the supreme court. (*Lamb v. Connor*, 84 Wash. 121, 146 Pac. 174; *McDuffee v. Hayden etc. Irr. Co.*, 25 Ida. 370, 138 Pac. 503; *Pomeroy v. Gordan*, 25 Ida. 279, 137 Pac. 888.)

An examination of the opinion in the case of *Coolin v. Anderson* will show that the new matter which appellant presents in his claim to set aside the judgment is wholly immaterial to the real issues upon which the judgment is based.

A decision by the appellate court upon points distinctly made an essential to its determination upon a previous appeal is in all subsequent proceedings in the same case a final adjudication, from the consequence of which the court cannot depart. (*Hall v. Blackman*, 9 Ida. 555, 75 Pac. 608; *Hunter v. Porter*, 10 Ida. 86, 77 Pac. 434; *Steve v. Bonners Ferry Lumber Co.*, 13 Ida. 384, 92 Pac. 363.)

"Where every question presented upon appeal was presented and determined by a former appeal, the latter appeal will be dismissed." (*Olympia Mining Co. v. Kerns*, 15 Ida. 371, 97 Pac. 1031.)

MORGAN, J.—This action was commenced for the purpose of procuring to be vacated, set aside and held for naught a judgment decreeing the foreclosure of a real estate mortgage in case of *Andrew Coolin, Plaintiff, v. W. A. Anderson, Defendant*, which arose in Kootenai county and resulted in the judgment, above mentioned, being made and entered in favor of Coolin from which Anderson appealed to this court and which was affirmed. A complete statement of the facts

of that case is to be found reported in *Coolin v. Anderson*, 26 Ida. 47, 140 Pac. 969, and, so far as they apply to this case, will be adopted and not repeated here. The additional facts necessary to a proper understanding of the matter herein at issue are that the appellant above named, on September 22, 1914, filed his complaint in the district court of the eighth judicial district in and for Kootenai county, and alleged, among other things, the commencement and result of the case of *Coolin v. Anderson*, above mentioned, and, further, that Coolin had, prior to the trial thereof, entered into an agreement with Amel Ulbright and Mary Ulbright, his wife, and Perry Krebs, his assignors of the note and mortgage, which agreement is in words and figures as follows:

"It is hereby agreed by and between Andrew Coolin, party of the first part and Amel Ulbright, Mary Ulbright and Perry Krebs, parties of the second part, as follows:

"That whereas the said Perry Krebs has this day assigned a certain mortgage and notes of $8,000.00 dated July 26, 1909, and filed for record in book 11 of Mortgages, page 169, in Kootenai County, on property located as set out in said mortgage to Andrew Coolin party of the first part for collection only.

"That whereas the said parties of the second part agree to pay all the expense necessary to prosecute said mortgage to final settlement.

"Now therefore it is mutually understood and agreed that whatever is recovered from said note and mortgage is to be turned over to said parties of the second part by said Andrew Coolin, party of the first part and in case that the land be recovered and not sold then the deed is to be transferred to whomever the parties of the second part shall agree, and it is further agreed by all parties that W. B. Mitchell, attorney of Spokane, Washington, shall handle said matter to final settlement.

"In witness whereof, the parties aforesaid mentioned set their hands and seals this 29th day of Oct. 1912."

It is further alleged in the complaint that at the trial Coolin, Ulbright and his wife, while witnesses, testified falsely

and concealed the facts as to the ownership of the note and mortgage, and by misrepresentations and false testimony misled the court to wrongfully and unlawfully cause findings of fact, judgment and decree to be entered foreclosing the mortgage on the property mentioned and described in the complaint; that Coolin presented Ulbright and his wife as disinterested witnesses for and on behalf of himself, representing himself to be the *bona fide* purchaser of the note and mortgage, and concealed from the court and from the defendant in the action the truth and existence of the written agreement wherein and whereby he was to allow his name to be used for the purpose of foreclosing the mortgage and collecting the debt, and did, by false testimony and false and fraudulent representations, mislead the court and the appellant, Anderson, who was defendant in said cause, and did perpetrate a fraud upon both the district court and the supreme court, and that had it not been for the fraud, so perpetrated, the judgment would not have been obtained against appellant but would have been in his favor.

It is further alleged in the complaint that at the trial of the foreclosure case it was represented to the court that Coolin had entered into an agreement with his attorney wherein and whereby he was to pay, as an attorney's fee for the foreclosure proceedings, the sum of $1,500, and that the court was misled into making its findings of fact, conclusions of law, judgment and decree awarding to Coolin the sum of $1,000 as an attorney's fee in that action; also that the appellant had no knowledge of the agreement, above set forth, at the time of the trial of the cause in the district court or in the supreme court; that he knew nothing of the agreement between Coolin and his assignors and attorney until long after the cause was passed upon by the supreme court and until a short time before the commencement of this action; also that the defense set up and alleged in the mortgage foreclosure case by the appellant here was a good and valid defense, and would have been so held by the district court and by the supreme court had it not been for the fraud so perpetrated.

The complaint further discloses that the respondent

Mitchell procured to be issued to himself and to respondent Berg a certificate of sale of the mortgaged premises, and that they and the respondents, Washington Trust Co. and Charles W. Beardmore, claim to have some interest therein.

By reference to the statement of facts in case of *Coolin v. Anderson, supra,* it will be found that the defense relied upon there was that the mortgage was given by Anderson to Ulbright to secure a part of the purchase price of the land therein described; that misrepresentations were made to Anderson by Ulbright and his wife whereby he was led to believe that certain land adjoining a body of water, called Mud Lake, was included within the land he was purchasing, when in truth and in fact it was not so included.

Respondents demurred to the complaint in this case; their demurrer was sustained and a judgment of dismissal was entered, from which this appeal is taken.

Appellant contends that had the above quoted agreement not been withheld from the knowledge of the court, and had the alleged false testimony relative to the ownership of the note and mortgage not been given, he would have been able to make his defense against the indebtedness claimed to be due from him, in the hands of the original payees and that the former trial would have resulted in his favor. It is also contended that since an agreement had been entered into whereby Coolin took the note and mortgage for the purpose of collection only and whereby Ulbright and his wife and Krebs were to pay all the expense necessary to collect the debt, had that fact been disclosed to the court, no attorney's fee would have been allowed in the case.

The owners of the note and mortgage had a right to assign them to Coolin for the purpose of collection, and he had a right to maintain the action, and unless appellant can show that he had a good defense and was deprived of making it, or was subjected to some other disadvantage affecting his substantial rights by the alleged fraud, he cannot be heard to complain. In case of *Craig v. Palo Alto Stock Farm,* 16 Ida. 701, 102 Pac. 393, this court said:

"The court sustained the motion for nonsuit on the ground that the action was not brought in the name of the real party in interest. The court erred in granting a nonsuit, as the evidence shows that the plaintiff was the *bona fide* holder of said note under an assignment thereof, and that he held the same for collection.

"Sec. 3508, Rev. Codes, 1909 (which section is found in the negotiable instrument law of this state), is as follows: 'The holder of a negotiable instrument may sue thereon in his own name and payment to him in due course discharges the instrument.' The holder of a negotiable instrument may hold it for the purpose of collection only or he may own it, and in either case, under the provisions of said section, he may sue thereon in his own name and 'payment to him in due course discharges the instrument,' and relieves the makers of it. That section of our negotiable instrument law was adopted long after the adoption of secs. 4090 and 4091, and must be construed in connection with the later expression of legislative will.

"Sec. 3648, Rev. Codes, defines the term 'holder' as follows: ' "Holder" means payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof.' The transfer of the note from the Bank of Emmett to the appellant made him the holder thereof. He was in the possession of it and the 'bearer thereof.' The language used in that definition would authorize any party to bring an action on a promissory note who held it under proper authority and for the real owner thereof."

If the appellant had been possessed of a defense to the action which he could have made, had it been commenced by the Ulbrights or Krebs, and which he was precluded from making by reason of the alleged fraud and misrepresentation practiced by Coolin, whereby he represented himself to be a *bona fide* purchaser of the note and mortgage in the regular course of business and for value, this action might be maintained. But he has no such defense.

When this case was here before (*Coolin v. Anderson*, 26 Ida. 47, 140 Pac. 969) the court said: "In our opinion the

vital and controlling question in this case is: Can the mistake of a purchaser, as to what is included within the bounds of a legal subdivision of land, be the basis for equitable relief in his favor as against an action for the recovery of the purchase price?" Further on in the opinion it was said: "The controversy as to the legal area of fractional sec. 7 involves not a question of fact, but a question of law. By no known method of investigation for the ascertainment of facts could it be determined how this question might be resolved in the courts." And again: "It is obvious that neither he nor anyone else could know in advance what would be the result of that suit. In other words, Anderson took his chance on the issue of this litigation. Even if the Ulbrights made the misrepresentations to Anderson in reference to this land being a part of sec. 7, which Anderson avers, such misrepresentations would have been statements of a proposition of law.

"'A statement of a proposition of law which the defendant has just as good an opportunity to ascertain the correctness of as had the plaintiff, whether true or false, could not be used as a defense in an action upon the note.' (*Smith v. Smith,* 4 Ida. 1, 35 Pac. 697.)"

The court in that case disposed of the contention that Coolin was not the actual owner of the note and mortgage as follows: "In the view which the court takes of the underlying equities of this case, it is unnecessary to discuss whether respondent was a holder in due course, or whether the successive transfers of the note were properly alleged and proved. Appellant's contention that respondent took the note subject to all defenses may be conceded, but it cannot aid defendant when his defenses fail."

We are still of the opinion that the controversy as to the area of the land, described by legal subdivisions in the conveyance from Ulbright and his wife to Anderson, involved not a question of fact but a question of law, and that even if they made misrepresentations to him in reference to certain land being part of sec. 7, such statements were of matters of law of which he had equal opportunity with them to know the truth, and were not misrepresentations of matters of fact,

and could not be used as a defense in an action upon the note for the purchase price, and, conceding that Coolin took the note and mortgage subject to all defenses, it cannot avail appellant when his defenses fail.   The former decision of this court is the law of the case, and since it has been therein determined that the defense herein proposed to be made does not constitute a defense to the note and mortgage, either in the hands of the original owners or of their assignee, nothing can be gained by vacating the judgment and decree already entered.   (See *Fales v. Weeter Lumber Co.*, 26 Ida. 367, 143 Pac. 526, and authorities therein cited.)

It appears in the agreement between the Ulbrights, Krebs and Coolin that W. B. Mitchell, an attorney of Spokane, Washington, was to have charge of the matter of enforcing collection of the indebtedness evidenced by the note and secured by the mortgage and that all expense incident thereto was to be paid not by Coolin, but by the other parties to the contract.   At the time the mortgage foreclosure case was tried Mr. Mitchell was not a regularly licensed attorney admitted to practice his profession within the state of Idaho, but the record of that case discloses that Messrs. McNaughton & Berg appeared as his associate counsel and they were and are so licensed and admitted.

It is argued that since Coolin had neither paid nor was liable for an attorney fee appellant is entitled to relief from the judgment taken against him to the amount of $1,000 allowed for that purpose; that the court allowed said amount by reason of the testimony of Coolin that he had agreed to pay Mr. Mitchell $1,500 and Mitchell, not being entitled to practice law in Idaho, could not recover against his client for services rendered in this state.

Disposing of the last mentioned contention first, we will say that whether Mitchell could enforce collection for his services or not there is no question that McNaughton & Berg could recover for theirs.   Further, the proper time to have objected to an allowance of an attorney's fee, by reason of employment of Mitchell, upon the ground that he was not a duly licensed attorney within the state of Idaho, was at the

trial of the foreclosure suit. If that objection ever had any merit it is now too late to make it.

It is not alleged in the complaint that $1,000 is an unreasonable amount to have been allowed to respondent as an attorney's fee in the foreclosure case nor that the services of his attorneys were not reasonably worth that sum nor does it appear that the trial court's action in allowing a fee was governed by the representations that Coolin had promised to pay $1,500, for it deducted one-third from that amount. It is not contended that Ulbright and wife and Krebs are not liable for, if they have not paid, the full amount allowed as a fee, or more, to counsel for their services. In any event, under his contract expressed in the note, appellant was liable, in case suit or action was commenced to collect the debt, to pay a reasonable attorney's fee in addition to the costs and disbursements therein necessarily expended, and he would be equally liable if respondent held the note and mortgage for the purpose of collection and the assignors had paid an attorney's fee, or were chargeable with it, as he would be if respondent had become the owner of the debt and the security in the regular course of business and for value, and had paid or become liable for the fee himself. With respect to this attorney's fee this court said in case of *Coolin v. Anderson, supra*: "Exception is also taken to the allowance of an attorney fee of $1,000. Plaintiff in his complaint prayed for a fee of $1,500, which the lower court reduced to $1,000, and under the circumstances of this case we are not inclined to disturb the amount fixed by the trial court.''

Respondents insist that this appeal is being prosecuted for the purpose of delay, and ask that the penalty mentioned in sec. 4825, Rev. Codes, be assessed against appellant, which provides, among other things: "When it appears to the appellate court that the appeal was made for delay, it may add to the costs such damages as may be just." Rule 44 of the rules of practice is: "In all cases where an appeal or writ of error is manifestly for delay, damages may be allowed at the rate of not exceeding 12% upon the amount of the judgment in the discretion of the court." It does not appear

to us that this is a proper case wherein to invoke the statute and rule above quoted, and the claim for damages is, therefore, disallowed.

The judgment of the trial court is affirmed and costs are awarded to respondent.

Sullivan, C. J., and Budge, J., concur.

Petition for rehearing denied.