(May 5, 1917.)

## UTAH IMPLEMENT–VEHICLE COMPANY, Appellant, v. W. D. KENYON, Respondent.

[164 Pac. 1176.]

PROMISSORY NOTE—ASSIGNMENT—REAL PARTY IN INTEREST.

 1. One who holds a note by assignment for the purpose of collection is the real party in interest in his own name.

 2. An indorsee, who is in possession of a promissory note, is the "holder" thereof, and may sue thereon in his own name.

 [As to who is a *bona fide* holder of note, see notes in 9 **Am. Dec.** 272; 44 **Am. Dec.** 698.]

APPEAL from the District Court of the Fourth Judicial District, for Cassia County. Hon. Chas. O. Stockslager, Judge.

Action on promissory note. Judgment for defendant. *Reversed.*

Charles A. Sunderlin, for Appellant.

''Where an assignment of anything in action is absolute in its terms, so that the entire apparent legal title vests in the assignee, the assignee may sue in his own name without joining the assignor as a party, although there was no considera-

tion for the assignment and notwithstanding whatever collateral arrangements between him and the assignor as to the disposition to be made of the proceeds." (4 Cyc. 100, and cases cited; *Brumback v. Oldham,* 1 Ida. 709; *Arthur v. Brooks,* 14 Barb. (N. Y.) 533; *Wetmore v. City of San Francisco,* 44 Cal. 294; *Toby v. Oregon Pac. R. Co.,* 98 Cal. 490, 497, 33 Pac. 550; *Widaman v. Hubbard,* 88 Fed. 806, 812; *East Texas Fire Ins. Co. v. Coffee,* 61 Tex. 287, 291; *Stevens v. Brown,* 20 W. Va. 450, 459.)

Even though the chose, capable of legal assignment, is on its face absolutely assigned, yet the assignment is made for the purpose of collection only, the legal title vests in the assignee, and he is the real party in interest for the purpose of instituting suit. (4 Cyc. 67; *Greig v. Riordan,* 99 Cal. 316, 33 Pac. 913; *Goodnow v. Litchfield,* 63 Iowa, 275, 19 N. W. 226; *Tuller v. Arnold,* 98 Cal. 522, 33 Pac. 445; *Bassett v. Inman,* 7 Colo. 270, 3 Pac. 383; *Gomer v. Stockdale,* 5 Colo. App. 489, 39 Pac. 355; *Walburn v. Chenault,* 43 Kan. 352, 23 Pac. 657; *Struckmeyer v. Lamb,* 64 Minn. 57, 65 N. W. 930; *Guerney v. Moore,* 131 Mo. 650, 32 S. W. 1132; *Meeker v. Claghorn,* 44 N. Y. 349.)

T. Bailey Lee, for Respondent, files no brief.

BUDGE, C. J.—This action was brought by appellant on a promissory note, executed by respondent and made payable to the order of the Snake River Implement Company, Limited. The note was in the principal sum of $2,300, was dated November 20, 1911, due on or before two years after date, and bore interest at the rate of five per cent per annum from January 1, 1912. It is alleged in the complaint:

"That on or about the 18th day of January, 1914, for a valuable consideration, this promissory note was duly and legally assigned by indorsement and delivery, by the said Snake River Implement Company, Limited, to the plaintiff in this action.

"Plaintiff is now the lawful owner and holder of this note."

The answer denied that the note "was for any consideration duly or legally or at all assigned or indorsed by said Snake River Implement Company to said plaintiff." And it is affirmatively alleged in the answer "that said note was assigned without authority to said plaintiff by someone in the office of the said Snake River Implement Company; that said Snake River Implement Company has never received any consideration for said note, but that this defendant is charged with said note at this time on the books of said company, and that payment of said note is now being demanded of this defendant by said alleged assigning company.

"Denies that plaintiff is the lawful owner or holder of said note, but alleges that the true owner is the said Snake River Implement Company."

The answer further admitted that appellant made demand upon respondent for the payment of the note. The cause was tried by a court and a jury; the jury returned a special verdict, finding:

1. That the Snake River Implement Company had received consideration from appellant for the note.

2. That at the time of the institution of the suit appellant held the direct note of the Snake River Implement Company for the indebtedness owed appellant by the said company.

3. That the Snake River Implement Company, by its duly authorized agent, legally and lawfully assigned the note for a valuable consideration to appellant, without any limitations as to ownership.

4. That appellant was the legal owner and holder of the note.

5. That the note was assigned to appellant as security for indebtedness owed appellant by the Snake River Implement Company.

Upon these findings the court entered a judgment for the respondent. This appeal is from the judgment and from an order, filed the same day as the judgment, dissolving the attachment which had been theretofore issued and levied against the property of the respondent. That portion of the appeal which appeals from the order dissolving the attach-

ment will not be considered, for the reason that no bond was filed sufficient to continue in force the attachment, as provided in sec. 4814, Rev. Codes.

Appellant assigns the following errors: First, that the judgment will not support the findings of the jury; second, the evidence is wholly insufficient to support the judgment; third, the judgment is erroneous in that the court found in favor of respondent and against appellant; fourth the judgment is not supported by the law of the case.

The only questions involved are: First, was there a valid assignment of the note? Second, is appellant the real party in interest? All of the evidence shows that respondent executed the note and delivered it to the Snake River Implement Company; that the Snake River Implement Company authorized the assignment thereof to appellant; that the said note was duly assigned and indorsed by C. E. Peterson, the general manager of the Snake River Implement Company, and delivered to appellant; that appellant was authorized to collect the note; and that whatever sum should be collected upon the note should be credited by appellant upon the indebtedness of the Snake River Implement Company. The evidence is conclusive and uncontradicted upon all of these points. The law is well settled in this state that under such circumstances the holder of the note is authorized to sue upon it; the controlling case upon the question is *Craig v. Palo Alto Stock Farm,* 16 Ida. 701, 102 Pac. 393. The law is there clearly announced to the effect that where one holds a note by assignment, for the purpose of collection, he is the real party in interest, and is authorized to sue thereon in his own name, and that the holder of a negotiable instrument is the payee or indorsee who is in possession of it, or the bearer thereof. The Craig case has been followed in *Home Land Co. v. Osborn,* 19 Ida. 95, 112 Pac. 764; *Anderson v. Coolin,* 28 Ida. 494, 155 Pac. 677; see, also, *Brumback v. Oldham,* 1 Ida. 709; Pomeroy's Code Remedies, 4th ed., sec. 70.

It is impossible to determine upon what theory of law the trial court proceeded in rendering judgment for respondent under the facts as found by the jury or as disclosed by the

evidence; indeed, under the evidence in this case, the appellant was entitled to a directed verdict, and there was no real occasion for submitting even the finding of facts to the jury.

The judgment is therefore reversed and the trial court is instructed to enter judgment for the appellant, in accordance with the prayer of his complaint and the principles herein announced. Costs awarded to appellant.