(No. 7019. July 3, 1942.)

ETTA M. RITTER, Appellant, v. L. J. MOORE, OTTO MORTENSEN, W. A. REED, A. L. PETERSON and CLARENCE ANDERSON, Respondents.

[128 Pac. (2d) 639.]

Rehearing denied August 26, 1942.

Tom Felton for appellant.

J. H. Felton for respondents.

AILSHIE, J.—Appellant, a resident of Kalispell, Montana, brought this action against respondent on a promissory note, to recover the sum of $950, principal, with interest at 8% per annum; and for attorney's fees and costs of suit.

The note (exhibit 1) appears to have been executed at Coeur d'Alene, Idaho, by the defendants, November 19, 1940, for $1,000, payable "to the order of The Idaho First National Bank at the Idaho First National Bank of Boise, at its Banking House in Coeur d'Alene, Idaho." On the back of the note appears endorsement of payment of $50.00

on the principal, November 22, 1940. The note reads as follows:

"Coeur d'Alene, Idaho,
November 19, 1940    $1000.00

Ninety days after date, for value received, I, we, or either of us, promise to pay to the order of The Idaho First National Bank at THE IDAHO FIRST NATIONAL BANK OF BOISE, at its Banking House in Coeur d'Alene, Idaho— One—Thousand & no/100—Dollars in lawful money of the United States of America, with interest thereon, in like money at the rate of 8 per cent per annum, payable from date until maturity, and thereafter at the rate of 8 per cent per annum until paid, and if not paid at maturity and this note be placed with an attorney for collection, or if suit be instituted for its collection, I, we, or either of us, agree to pay in either case reasonable attorney's fees. The maker, sureties, guarantors and endorsers hereon severally waive presentment for payment, protest, notice of protest and of non-payment of this note. If the interest on this note is not paid at the time it becomes due the holder of this note at its option may declare the principal due and payable.

L. J. Moore
W. A. Reed
Clarence Anderson
Otto Mortensen
A. L. Peterson

Address............................................................................................

No.....................................................................................................

[Endorsed on back of note]

"Dated this 22 day of November 1940

FITSUM MINING COMPANY
L. J. MOORE [Signed]
L. J. Moore Gen. Manager

(SEAL)

Endorsement on Principal                    Balance of Prin.
Nov. 22, 1940    $50.00                           $950.00"

According to the testimony of defendant Anderson, Moore was to secure a loan in the amount of money called for by this note "at the Idaho First National Bank here in Mos-

cow". For some reason, (not apparent from the record) the bank did not make the loan and never received the note. A few days later (Nov. 22, 1940), the appellant, Mrs. Etta M. Ritter, purchased a draft for $1,000 of the First National Bank of Kalispell, Montana, and mailed the draft to defendant, L. J. Moore; and, a few days later, she received through the mail from Mr. Moore the promissory note, copy of which is set out above. She did not observe that the note was made payable to the bank, and thereupon placed the note in her safety deposit box.

While the evidence is meager, it is reasonably clear, that the defendants, Mortensen, Peterson, Reed, and Anderson signed the note, for the purpose of enabling Moore to get the money to carry on some mining operations, in which some, or all, the parties were interested.

There is no question, but that the defendants executed the note and turned it over to Moore, with the expectation that he would secure a loan on it; nor is there any question but that *he did secure $1,000 and turned the note over to Mrs. Ritter in return for the money.* After the evidence was all submitted on behalf of plaintiff, motion for nonsuit was made and denied. Thereupon the defendant rested the case without the introduction of further testimony; and plaintiff moved for an instructed verdict. The court discharged the jury and granted a motion for nonsuit and predicated his order on the following grounds:

"1. That the evidence fails to show that the plaintiff is the owner of the note upon which this action is predicated, or that she paid for and on behalf of herself, or for and on behalf of her mother, any money or thing of value for the same;

2. That neither the pleadings nor the evidence show that this action is brought by plaintiff for the collection of said note for and on behalf of any owner thereof, and totally fails to show a right in plaintiff to maintain this action."

█ Mrs. Ritter was in possession of the note and introduced it in evidence on the trial. This was sufficient evidence of ownership to put the defendants on their proofs; she was the "bearer" of the note. (*Craig v. Palo Alto Stock Farm,* 16 Idaho 701, 705, 102 Pac. 393; *Home Land Co. v. Osborn,* 19 Idaho 95, 100, 112 Pac. 764; *Anderson v. Coolin,* 28 Idaho 494, 500, 155 Pac. 677; *Mauritz v. Schwind,* (Tex. Civ. App.) 101 S. W. (2d) 1085, 1095; *Crocker-Woolworth*

*Nat. Bank of San Francisco v. Nevada Bank, etc.*, 139 (Cal.) 564, 73 Pac. 456, 462, 63 L.R.A., 245; 96 Am. St. 169, Secs. 26-109, 26-206, 26-401, I. C. A.)

Mrs. Ritter testified that the money with which she bought the draft was money belonging to her mother, which had been intrusted to her for loan or investment. Apparently, upon the latter proofs, the court held that the evidence failed to show any right of action existing in plaintiff, or that she was prosecuting the action on behalf of another person.

In *Craig v. Palo Alto Stock Farm*, supra, *Home Land Co. v. Osborn*, supra, and *Utah Implement-Vehicle Company v. Kenyon*, 30 Idaho 407, 410, 164 Pac. 1176, this court held that the statute, requiring that all actions shall be prosecuted in the name of the real party in interest (secs. 5-301 and 5-302, I. C. A.) had been modified, as to negotiable instruments, by the Uniform Negotiable Instruments Act, allowing any one in possession of a negotiable instrument to maintain an action thereon. Appellant was a holder in due course, as defined by sec. 26-402, I. C. A., and was entitled to prosecute the action in her own name, under the express provisions of sec. 26-401, reading:

"The holder of a negotiable instrument may sue thereon in his own name and payment to him in due course discharges the instrument."

It is quite clear, from the testimony and exhibits in the case, that it was a matter of no consequence to the signers of this note, whether Moore got the money from the Coeur d'Alene bank, Moscow bank, Mrs. Ritter, or someone else. The Coeur d'Alene Branch of the Idaho First National Bank of Boise was named payee in the note, probably only by reason of the note being a printed form in common use by the bank, in which the bank was named as payee. It is perfectly clear, however, that the bank never owned the note and never received delivery of it; and that *the named payee was fictitious*. (See *Union Bank & Trust Co. v. Security First National Bank*, 8 (Cal.) 2d 303, 65 Pac. 2d 355 and cases cited; sec. 26-109, I. C. A.)

Our statute (sec. 26-109, I. C. A.) provides, inter alia, as follows:

"The instrument is payable to bearer:

. . . .

3. When it is payable to the order of a fictitious or non-

existing or living person not intended to have any interest in it, and such fact was known to the person making it so payable, or known to his employee or other agent who supplies the name of such payee; . . . ."

The Missouri Negotiable Instruments statute contains the same provision as we have in sec. 26-109, supra, and in *American Sash and Door Co. v. Commerce Trust Co.*, 332 Mo. 98, 114, 56 S. W. 2d 1034, at 1040, the court said:

"The law further is well established that the payee named in an instrument will be deemed fictitious though designating an existing person, if there was no intent he should have a beneficial interest in the paper."

Commenting on the foregoing quotation, the same court later said, "The intent referred to is an intent on the part of the maker." (*Meredith v. Pound*, (Mo.) 92 S. W. 2d 698, 701.)

In *Soekland v. Storch*, 123 Ark. 253, Ann. Cas. 1918A, 668, 185 S. W. 262, the supreme court of Arkansas, discussing the words "fictitious" and "nonexisting" person, as used in a similar statute, said:

". . . . a 'fictitious payee' means a fictitious person, who, though named as payee in the note, has no right to it, or the proceeds of it, because it was not so intended when the note was executed. Therefore whether the paper is to be considered as having a fictitious payee depends upon the knowledge or intention of the party against whom it is attempted to assert the rule, and not upon the actual existence or nonexistence of a payee of the same name as that inserted in the instrument; so that, on the one hand, a real person may be fictitious, and, on the other, a nonexisting person may be real within this rule."

The writer of the text on Bills and Notes, 10 C. J. S., sec. 129, p. 582, very aptly covers the circumstances of this case as follows:

"The fictitious payee may be an actual person originally intended for payee, but never actually made such, the instrument being diverted from its original purpose and discounted by another person."

Here, we have a case where it is admitted by all parties, that there was *never any intention of delivering the note or making payment to, or securing the loan from, the payee named in the note.* It follows that, under the statute, sec. 26-109, and the authorities above cited, the note was payable

to *bearer*. (See Annotations to *Bourne v. Maryland Casualty Co.*, 185 S. C. 1, 192 S. E. 605, 118 A. L. R. 1 to 50; 5 U. L. A., Neg. Instruments, Annotations to sec. 9; See, also, note at page 822 of 74 A. L. R.)

From what has been said, it follows that the judgment in this case must be reversed. The next problem to be considered is: What shall be done with the case when it is returned to the trial court? In view of the fact, that the defendant moved for a nonsuit and declined to introduce further evidence; and that the plaintiff moved for a directed verdict; and the trial court thereafter discharged the jury and granted the motion for nonsuit and entered judgment dismissing the action and awarding costs against the plaintiff, it would seem to follow that the trial court should now be directed to enter judgment in favor of the plaintiff, according to the prayer of the complaint, except as to the attorney fee; and the court should fix the reasonable amount thereof to be allowed and include the same in the judgment.

Judgment reversed, with directions to enter judgment in accordance with the views above expressed. Costs in favor of appellant.

Givens, C. J., and Budge, and Holden, JJ., and Featherstone, D. J., concur.

Morgan, J., deeming himself disqualified, did not sit at the hearing or participate in this decision.

On Petition for Rehearing August 26, 1942

PER CURIAM: The petition for rehearing presents no issue that was not given full consideration before filing the opinion in this case. As to the attorney fee, the court will of course hear such evidence as may be presented, concerning the reasonableness of the fee.

Petition denied.