(No. 7223. June 7, 1945.)

C. I. T. CORPORATION, a corporation, Respondent, v. E. G. ELLIOTT, Appellant.

[159 Pac. (2d) 891.]

R. W. Beckwith for appellant.

Frank E. Chalfant for respondent.

MILLER, J.—The amended complaint, in this action, filed October 27, 1942, alleges that respondent is a foreign corporation, organized and existing under and by virtue of the laws of the state of Delaware, doing business and qualified to do business in the state of Idaho. Other than the above it does not mention its principal, or any place of business. It then alleges that on October 4, 1940, at Boise, Idaho, the appellant made, executed and delivered to Montgomery Ward & Company, a corporation, a promissory note, in writing, for the sum of $344.93, payable in 36 successive monthly installments of $9.58, except that the final installment shall be the balance due thereon, payments to commence November 3, 1940. A copy of the note is pleaded. It is endorsed "without recourse, Montgomery Ward & Company, by R. P. Minson, Title Credit Manager", and it is alleged that respondent is the lawful owner and holder thereof. It is signed by appellant and his wife, Jessie Elliott. It is alleged that there is due and owing thereon the sum of $182.07, with interest at 8% from date. Judgment is sought for said amount, with interest, $150.00 attorney's fees and costs.

January 20, 1943, appellant filed general and special demurrers. No criticism of the sufficiency of the allegation of corporate existence is made. Said demurrers were overruled. February 23, 1943, appellant filed his amended answer which contains a general denial, two affirmative defenses and a cross-complaint. The answer denies each and every allegation contained in paragraphs 1, 2, 3, 4, 5 and 6 of the amended complaint, which is the whole thereof. The first affirmative answer and defense alleges a contract with Montgomery Ward & Company for the purchase and installation of a hot air furnace and stoker under representations of efficiency which were alleged to be false and fraudulent; that respondent for some years has been engaged in making agency contracts similar to exhibit "A"

with Montgomery Ward & Company, and at the request of respondent and Montgomery Ward & Company, appellant signed the agency contract, exhibit "A" attached to the cross-complaint. The second affirmative answer and defense alleges an information and belief that respondent paid Montgomery Ward & Company $300.00, and received the agency contract set forth in exhibit "A"; that the interest charge is in excess of the legal rate (Chapter 197, Session Laws 1933); that the agency contract is usurious and void, and because thereof demands judgment against respondent in the sum of $168.75. The cross-complaint is against respondent and Montgomery Ward & Company, with a request that Montgomery Ward & Company be made a party.

February 27, 1943, respondent demurred to the answer on the grounds that it did not state facts sufficient to constitute a defense, was ambiguous, unintelligible and uncertain, and that several causes of action had been improperly joined, and moved to strike the cross-complaint on the ground that it did not allege facts sufficient to constitute a cause of action against respondent as a holder in due course. March 27, 1943, the demurrer to the answer and motion to strike the cross-complaint was overruled and denied and respondent given ten days to plead to or answer the cross-complaint. March 29, 1943, respondent again demurred to the affirmative answers and the cross-complaint on the grounds that they did not state facts sufficient to constitute a cause of action and moved to strike portions of each of said pleadings.

June 11, 1943, respondent's demurrer to the cross-complaint was sustained, and its motion to strike paragraph III of the second affirmative defense was granted. All other demurrers and motions to the amended answer and cross-complaint and appellant's motion to strike respondent's demurrers and motions were overruled. June 21, 1943, appellant filed an amended cross-complaint. It sets forth practically the same matters as were contained in the first cross-complaint. It was against respondent and Montgomery Ward & Company, and alleged the corporate existence of respondent.

June 29, 1943, respondent filed its general and special demurrers to the amended cross-complaint, and at the same time filed a motion, setting forth numerous reasons, to strike

portions thereof. September 23, 1943, the demurrer was sustained. September 24, 1943 respondent filed special demurrer to the affirmative defenses, and also a motion to make more definite and certain. October 1, 1943, appellant filed a motion to strike the motion to make more definite and certain and the special demurrer. December 8, 1943, respondent's motion to make more definite and certain and its special demurrer were stricken from the files.

We have set out allegations of the affirmative answers and cross-complaint because of contentions made by respondent and appellant incident thereto during the oral argument. The case was tried to the court without a jury.

May 11, 1944, the trial court made and filed findings of fact, conclusions of law and judgment in favor of respondent in the sum of $105.37, with costs. August 9, 1944, appellant appealed from the judgment.

After all testimony by respondent was introduced and concluded, exhibits—marked for identification exhibit 1, the note, exhibit 2, a check for $300.00 to Montgomery Ward & Company, and exhibit 3, credit statement-application—were offered in evidence. Appellant objected to the admission thereof for the reason that they had not been offered at a time when any witness was on the stand and as to exhibit 1 that there was no proof of delivery from Montgomery Ward & Company, the payee therein, and no "assignment" thereof to respondent. The record shows, however, that while Mr. Elliott was on the witness stand he was questioned by respondent as to exhibits 1 and 3 and that later a Mr. Swain was questioned as to exhibits 1 and 2 and that attorney for appellant questioned Mr. Swain regarding exhibits 1 and 2. Following oral argument the trial court reserved its ruling and two days later overruled the objection and said exhibits were marked and admitted in evidence. In support of the ruling the trial court cited Section 26-401, Idaho Code Annotated; Home Land Company v. Osborn, 19 Ida. 95, and Ritter v. Moore, 64 Ida. 144, 128 P. (2d) 639. We think those citations are not applicable in the instant case. There the record of the admission in evidence of the exhibits was not involved. The objections were to the sufficiency of the proof. Here the objection was the irregularity of the offered evidence, taking the matter under advisement, and the subsequent admission thereof.

 There is another matter, however, which we think disposes of appellant's contention. A copy of the note, as before observed, was set out in paragraph II of the amended complaint, which was verified. The answer thereto was a general denial and was verified. Exhibits 2 and 3 was "collateral proof" affording a presumption that the note was purchased by respondent from Montgomery Ward & Company for a valuable consideration, and that appellant by signing the credit statement-application had knowledge of that fact and acquiesced. (7 Words & Phrases, Perm. Ed., page 600; also *Havens v. Seashore Land Company,* 20 Atl. 497, 501, 47 (N.J.), Eq. 365.) Respondent being in possession of the note and having plead the same was sufficient evidence of ownership to put appellant on his proofs. (*Ritter v. Moore,* supra.) Until the validity of the possession and ownership of the note was questioned, we think there was no requirement to submit the collateral proof, and that even though there was irregularity in the matter of the admission thereof, it was not such as deprived appellant of a substantial right. In the case of *United States v. Alexander,* 2 Ida. 386, we find a similar contention as exists in the instant case, and wherein it is said:

"After the motion to strike out was disposed of, the defendants had left a general denial of the allegations of the complaint and a trial was had of the issues thus joined. The answer was not verified, and hence did not put in issue the execution of the bonds sued on. Section 4200 (now Section 5-703, I. C. A.) of the Code of Civil Procedure provides that 'when an action is brought upon a written instrument, and the complaint contains a copy of the instrument, or a copy is annexed thereto, the genuineness and due execution of such instrument are deemed admitted unless the answer denying the same is verified.' To have put in issue the execution or genuineness of the instrument, a specific, verified denial was necessary. This disposes of the objections raised to the introduction of the original bond. Its execution and genuineness having been admitted by answer, it would seem unnecessary to have offered it in evidence unless for the purpose of having it placed among the files, and hence no objection would lie to its reception."

 The Uniform Negotiable Instruments Act allows anyone in possession of a negotiable instrument to maintain an action thereon. In *Ritter v. Moore,* supra, it is said:

"Appellant was the holder in due course, as defined by Section 26-402, I. C. A., and was entitled to prosecute the action in her own name, under the express provisions of Section 27-401, reading: 'The holder of a negotiable instrument may sue thereon in his own name and payment to him in due course discharges the instrument.' "

In view of the above we cannot say that appellant was prejudicially harmed by reason of the manner in which the aforementioned exhibits were introduced and admitted.

■ Appellant asserts that there is insufficient proof of corporate existence to warrant or justify the judgment. The record is absolutely devoid of any attempt by respondent to prove corporate existence. That question was an issue in the case. Counsel for respondent, however, contends, with some force, that the corporate existence of respondent was admitted by appellant. The amended cross-complaint, which is verified, alleges: "That plaintiff is a corporation organized and existing under and by virtue of the laws of the state of Delaware and has fully complied with the Constitution and laws of the state of Idaho and is authorized to do business in this state, and at all the times herein mentioned has been doing business in the state of Idaho." The trouble with respondent's contention, however, is that a demurrer to said cross-complaint was sustained, and it, therefore, became a superseded pleading. In the case of *Anderson, et al, v. Hoops, et al,* 52 Ida. 757, 19 P. (2d) 908, the question as to the right to use the contents of a superseded pleading was involved, and the court, in disposing of the matter, said:

"We think that before the amendment was granted, the second paragraph of the answer was a judicial admission of the material allegations contained in the fourth paragraph of the amended complaint. After amendment, it was a mere ordinary admission, subject to proof and to explanation as fully as though it had been made in a letter. If a jury could consider an admission made in a superseded pleading, without being admitted in evidence, then a jury could consider an admission made in a letter, without admitting the letter in evidence. This court has held that when a pleading is amended or withdrawn, the superseded portion disappears from the record as a judicial admission, limiting the issue and putting certain facts beyond dispute, but that, nevertheless, it exists as an utterance once seriously made by the

party, and for certain purposes may be admitted in evidence. (*Shurtliff v. Extension Ditch Co.*, 14 Ida. 416, 427, 94 P. 574.) And that case is in harmony with the great weight of judicial opinion. (2 Wigmore on Evidence, 2d ed., sec. 1067, p. 548; 22 C.J., sec. 380, p. 336; Jones' Commentaries on Evidence, 2d ed., sec. 1004, pp. 1844, 1845.)

"It must follow that if a superseded pleading disappears from the record as a judicial admission, and then becomes and exists merely and only as an utterance once seriously made by a party, and if it is competent evidence of such utterance, or statement, as held in the Shurtliff case, supra, then it is clear that it must be admitted in evidence to entitle it to be considered by the jury as an item of evidence in the case."

Under the above authorities respondent could have offered the cross-complaint as an exhibit, thereby putting it in evidence. The introduction of a copy of the articles of incorporation, properly identified by the custodian of the record thereof, was admissible and would have supplied the necessary proof. (Section 16-313, I.C.A.; *Brandtjen & Kluge, Inc., v. Nanson*, (Wash.), 115 P. (2d) 731.)

At the conclusion of respondent's case, and renewed at the conclusion of the trial, appellant moved for a nonsuit. The grounds urged relate to exhibits 1, 2 and 3 and failure of respondent to meet appellant's proof on the first and second affirmative defenses. There is no suggestion in the motion that respondent had failed to prove corporate existence. The Court was entitled to be informed of any and every reason that precluded a recovery and we cannot say it was error in denying the motion.

Appellant assigns as error the sustaining of respondent's demurrer to appellant's amended cross-complaint on the grounds (Specification IV) that, "The Court erred in sustaining plaintiff's general demurrer (222-225) to defendant's amended cross-complaint (232-233) because it fully and properly stated a cause of action against plaintiff." Counsel for appellant in support of his contention cites *Eastern Idaho Loan & Trust Company v. Hilda C. Blomberg and Alex Blomberg*, 62 Ida. 497, 113 P. (2d) 406, and counsel for respondent cites no authorities in opposition thereto. Montgomery Ward & Company, which not a party to the action, was made a cross-defendant. Permission to

make Montgomery Ward & Company a cross-defendant was not had and obtained and no summons ever issued or was served so as to bring it into the action and within the jurisdiction of the court. The assignments of error in sustaining the demurrer to the amended cross-complaint does not include Montgomery Ward & Company but is limited to respondent, accordingly, the trial court acquired no jurisdiction of the person of said company and could take no legal action that would affect its rights or interests. From the above we are confronted with the inquiry as to whether or not the trial court should have granted appellant's request in the amended cross-complaint to bring Montgomery Ward & Company into the action as cross-defendant. Respondent was a codefendant with Montgomery Ward & Company in the amended cross-complaint. Section 5-617, Idaho Code Annotated, is as follows:

"Whenever the defendant seeks affirmative relief against any party, relating to or depending upon the contract or transaction upon which the action is brought, or effecting [sic] the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint. The cross-complaint must be served upon the attorneys of the parties who have appeared, who may demur or answer to the same within 20 days after such service as if it were an original complaint; and summons may be issued and served upon the parties to the action or proceedings who have not appeared."

The above statute was taken from Section 442, California Code of Civil Procedure, which prior to 1907 read:

"Whenever the defendant seeks affirmative relief against any party relating to or depending upon the contract or transaction * * * he may * * * file * * * a cross-complaint."

In 1907 Section 442, Code of Civil Procedure, was amended to read:

"Whenever the defendant seeks affirmative relief against any party to the action, relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates he may, in addition to his answer, file, at the same time, or by permission of the court subsequently, a cross-complaint.

\* \* \* ” See *Merchant's Trust Co. v. Bentel, et al,* (Cal.), 101 P. 31.

The California statute is cited to show that a third person may not be made a cross-defendant unless such person is a party "to the action" and which said provision, that is, a party "to the action", is not included in Section 5-617, supra. The difference in the two sections is pointed out for the purpose of clarification. The note constituting the subject-matter of the action in the instant case was given by appellant to Montgomery Ward & Company on the purchase price for the installation, in appellant's home, of a hot air heating plant and relates to and depends upon the contract or transaction involving said heating plant. The cause of action set forth in the amended cross-complaint arose out of the transaction which formed the basis of appellant's action on the note and was, under our statute, properly presented to the court. (*Willman v. Friedman,* 4 Ida. 209, 38 P. 937.) There is no specification that the court erred in not requiring Montgomery Ward & Company to be brought into the case, though the concluding paragraph of appellant's "argument" so states. Since, however, the question may arise at a subsequent trial we will treat the matter as though it were specified as error.

In the case of *Hudson v. Kootenai Fox Farms Co.,* 47 Ida. 58, 272 P. 704, it is said:

"It is insisted that the court erred in striking appellant's cross-complaint from the files. C. S., sec. 6699, provides:

" 'Whenever the defendant seeks affirmative relief against any party, relating to or depending upon the contract or transaction upon which the action is brought, *or affecting the property to which the action relates,* he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint. . . . '

"The damages sought to be recovered under the cross-complaint are such as are alleged to have arisen out of a trespass or injury to the property covered by the mortgages; and the question is, whether the filing of the cross-complaint was proper under the facts of this case.

"A cross-complaint is restricted to matters which are related to or depend upon the contract or transaction upon

which the main case is founded or affect the property to which the action relates. (*Hunter v. Porter*, 10 Ida. 72, 77 P. 434). The alleged trespass forming the basis of appellant's cause of action, as set forth in its cross-complaint, was the ousting of the corporation's caretaker and manager from the supervision and care of the animals covered by the chattel mortgage and the resultant loss therefrom, which is alleged to have occurred following entry of the void judgment and decree of foreclosure; and would seem to fall within the provisions of C. S., sec. 6699, permitting the filing of a cross-complaint 'whenever the defendant seeks affirmative relief against any party . . . affecting the property to which the action relates. . . . '

" * * * 'The purpose of the code is not only to simplify proceedings, but to avoid, as far as may be, a multiplicity of suits.' *Willman v. Friedman*, 4 Ida. 209, 299, 95 Am. St. 59, 38 Pac. 937, * * *. * * * We have reached the conclusion that the filing of the cross-complaint was proper and that it should not have been stricken. (*Willman v. Friedman*, supra; *Sandstrom v. Smith*, 12 Ida. 446, 86 Pac. 614; *Penninger Lateral Co. v. Clark*, 22 Ida. 397, 216 Pac. 524; *Wollan v. McKay*, 24 Ida. 691, 135 Pac. 832; *Tage v. Tage*, 36 Ida. 472, 211 Pac. 548.)"

In the case of *Willman v. Friedman*, 4 Ida. 209, 38 P. 937, it is said:

"Plaintiff filed demurrer to the cross-complaint of defendant, which was overruled by the court. Thereupon plaintiff moved to strike out the cross-complaint of defendant, which motion was refused by the court, and thereupon plaintiff filed his answer to defendant's cross-complaint. There is no assignment or specification of errors in the record or in the brief of counsel other than appears in the bill of exceptions. The contention of appellant would seem to be that the district court erred in overruling plaintiff's demurrer to the cross-complaint of defendant, and also in refusing plaintiff's motion to strike out said complaint. It is also contended by plaintiff that there was no personal service of the cross-complaint upon the plaintiff.

"Section 4188 of the Revised Statutes of Idaho provides as follows: 'Whenever the defendant seeks affirmative relief against any party, relating to or depending upon the contract or transaction upon which the action is brought,

or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court, subsequently, a cross-complaint. The cross-complaint must be served upon the parties affected thereby, and such parties may demur or answer thereto as to the original complaint.' Plaintiff commenced his action by filing complaint, and at the same time issuing attachment. Before answer or demurrer by defendant, the latter moved to dissolve the attachment, upon the ground that it was wrongfully issued and served, and this motion was sustained and allowed. Thereafter defendant filed his answer to plaintiff's complaint, and at the same time filed his cross-complaint, asking affirmative relief in damages alleged to have been sustained by him by reason of the wrongful issue of said attachment. The answer and cross-complaint were duly served upon the attorney of the plaintiff, who had appeared in the action, and said attorney filed his demurrer to the answer and cross-complaint, and motion to strike out said cross-complaint. The filing of the demurrer was, if any further appearance was necessary, an appearance by the plaintiff so far as the cross-complaint was concerned. (Idaho Rev. Stats., sec. 4892.)"

It is well settled in this jurisdiction that a general demurrer should be overruled if the complaint alleges sufficient facts to constitute a cause of action entitling plaintiff to any relief against defendant. (*Eastern Idaho Land & Trust Co. v. Blomberg,* supra). Furthermore, it is not necessary to a recovery of damages that the purchaser return the article. The purchaser may retain the article and claim such damages as he has sustained through breach of contract by the vendor. (*West v. Prater,* 57 Ida. 583, 596, 67 P. (2d) 273.) And again, to entitle appellant to recover for damages it is not necessary either to allege or prove a complete failure of consideration. A partial failure of consideration is sufficient. (*W. H. Bintz & Co., v. Mueggler,* 65 Ida. 760, 154 P. (2d) 513, 516, Headnote 3.)

We conclude that the trial court erred in (a) not requiring Montgomery Ward & Company to be brought into the original action as a cross-defendant, and (b) in sustaining the demurrer to the amended cross-complaint against respondent.

A reference to the findings of fact and the suffi-

ciency of the proof as therein found presents a serious question. There is not the slightest inference in the findings that respondent is a corporation nor is there any finding that it is the owner and holder of the note. In the case of *Miles, et al, v. McCallan, et al,* (Ariz.), 3 P. 610, it is said:

"A finding of a fact is a determination of a fact by the court, which fact is averred by one party and denied by the other, and this determination must be founded on the evidence in the case. Such facts as are properly averred on the one side and properly denied on the other constitute the issues in the case. All findings outside of these issues are of no legal force or value. The findings should be confined to the contested facts, and their determination attained from the evidence in the case."

Paragraph I of the conclusions of law states, "That the plaintiff is the bona fide owner and holder of said promissory note, for value", and Paragraph II of the conclusions of law says, "That upon defendant's first affirmative defense the plaintiff is not a bona fide holder in due course of the promissory note but the defendant has not shown a failure of consideration sufficient to avoid liability on his obligation to pay the said promissory note." It would seem that if the respondent "is the bona fide owner and holder of said promissory note, for value" on one phase or part of the case that it would likewise be "a bona fide owner and holder" on any other phase or part of the case. On appellant's second affirmative defense, which charged a usurious rate of interest, the Court concluded that appellant was entitled to a credit of $134.79 as a penalty for charging usury in said promissory note. The credit against the amount claimed by respondent as a usurious interest charge (Chapter 197, Session Laws 1933) was a proper credit, but a finding to that effect should have been made. There is, however, no finding to the effect that the interest rate charged in the note was usurious. Accordingly, the question presents itself as to what phase or part of the case was respondent a bona fide owner and holder of the note; that is, was respondent a bona fide owner and holder of the note when applied to its own case, or was it a bona fide owner and holder of the note when applied to appellant's second affirmative defense? In the absence of findings of fact on said question, it cannot be determined what was intended. Furthermore, that respondent was the bona fide owner and

holder of the note is a conclusion of law to be determined from the findings. Ballentine's Law Dictionary defines "Conclusions of Law" as "The decision of the court on the facts found by the court when a trial has been had without a jury." See, also, 26 R.C.L. 1087.

 The absence of findings of fact cannot be cured by recitals in the conclusions of law. In the case of *Houtz v. Union Pacific Railroad Company*, (Utah) 93 P. 439, it is said:

"Conclusions of law cannot be made to perform the office of findings."

In the case of *Dillon Implement Co. v. Cleaveland, et al* (Utah) 88 P. 670, it is said: .

"The law is well settled that the findings must be within the issues when compared with the pleadings, and must respond to, and cover, the material issues raised by the pleadings, and it is immaterial whether the issues arise upon allegations in the complaint and denied in the answer, or upon an affirmative defense pleaded in the answer, or upon a counterclaim, denied or treated as denied by the plaintiff. Hayne, New Trial & Appeal, Sec. 240; 2 Spelling, New Trial, Sec. 591. No judgment can properly be rendered until there is a finding upon all the material issues. * * *.

"Until the court has found on all the material issues raised by the pleadings, the findings are insufficient to support the judgment. *Krug v. Brewing Co.*, 129 (Cal.), 322, 61 P. 1125. It, however, is argued that, by the statement in the findings, 'there remains due and owing the plaintiff the sum of $945.35, less the sum of $48.60, which the court finds to be due the defendants under and by virtue of their said counterclaim', the court found on the issues raised by the counterclaim. Such statement is not a finding of fact. It is a mere conclusion of law. It is well settled that conclusions of law cannot be made to perform the office of findings. * * * .

"Upon the findings made we have no means of determining how the court came to the conclusion that there was due $48.60 on the counterclaim; upon what facts such conclusion was based; whether it was based upon one or both contracts alleged in the counterclaim; or, if upon either, from the

violation of what terms or conditions it arose. Such result cannot even be ascertained by resorting to the evidence. * * * It was the duty of the court to find upon all the material issues, including those raised by the counterclaim, regardless of insufficiency of evidence to support them, or even though no evidence had been introduced in their support, unless waived. If the evidence was insufficient, or if there was no evidence in their support, the findings of fact should have been against the party upon whom was the burden of proof. (*Golson v. Dunlap*, 73 Cal. 161, 14 P. 576.)

"A further difficulty arises with respect to whether we are authorized to and whether we should remand the cause with directions to the trial court to complete the case and make findings upon the omitted issues and render a judgment accordingly, or whether the judgment must be reversed and a new trial granted. Upon a careful consideration of the matter, we have very reluctantly come to the conclusion that in a law case, where the court has failed to find upon all the material issues raised by the pleadings, we are left with no alternative but to reverse the judgment and award a new trial. Such has been the general practice of the courts of California and other states. (*Roeding v. Perasso*, 62 Cal. 515; *Krug v. Brewing Co.*, supra; *People v. Forbes*, 51 Cal. 628; *Brown v. Burbank*, 59 Cal. 535; *Drainage Dist. v. Crow*, 20 Ore. 535, 26 Pac. 845.) The rule seems to be established by this court, that after the trial court has filed findings and entered judgment it has no power or authority to make supplemental, additional, or other findings, and that, after the court heard a case on the merits, made and filed written findings and conclusions, the trial was ended, and that court had neither authority nor power to make other findings of fact than those found, without a motion for a new trial, or without first setting aside the findings of fact and granting a new trial."

In the case of *Wieri v. Anaconda Copper Mining Co.*, (Mont.), 156 P. (2d) 838, it is said:

"On the review of a decision of the District Court the presumption is that the decree of that court is correct (*Great Northern R. Co. v. Benjamin*, 51 Mont. 167, 149 P. 968; *State v. Schoenborn*, 55 Mont. 517, 179 P. 294; *Ringling v. Smith River Development Co.*, 48 Mont. 467, 138 P.

1098; *Kosonen v. Waara,* 87 Mont. 24, 285 P. 668; *Autio v. Miller,* 92 Mont. 150, 11 P. (2d) 1039; *Cedar Creek Oil & Gas Co. v. Archer,* 112 Mont. 477, 117 P. (2d) 265), and that its judgment will not be set aside unless there is a clear preponderance of the evidence against it."

A review of the findings and conclusions, in the instant case, as well as other mentioned errors, excludes any presumption that the decision of the trial court is correct, and admits of no conclusion other than that the judgment should be reversed.

For the reasons herein given, the judgment is reversed and the action remanded with directions to grant a new trial. Costs awarded to appellant.

Ailshie, C. J., Givens and Holden, JJ. concur.

Budge, J., did not participate.